GEORGE THOMPSON V. THE STATE.

43  583
36a 140
36a 146

ASSAULT WITH INTENT TO COMMIT RAPE.—Evidence of an unwarranted liberty with the person of a female, however gross, not showing an attempt to commit a rape by force, threats, or fraud, will not support a verdict of guilty.

APPEAL from Lamar. Tried below before the Hon. J. Q. Chenoweth, Judge of the Criminal Court of Paris.

George Thompson was indicted for an assault with intent to commit a rape.

The statement of facts shows that defendant entered the room of a white woman, a domestic, about ten o'clock at night; was seen by her and a little girl sleeping with her; when first noticed, he was standing by the bed-side, with his hand upon the person of the domestic. She woke up the girl sleeping with her—pulled up the bed-clothes—was too much frightened to scream, when defendant immediately left the room, when the alarm was given. In another bed in the same room slept three little girls, and across a hall and near the room slept others of the family.

Defendant was convicted, and his punishment fixed at five years in the penitentiary.

*Johnson & Minor,* for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—The evidence in this case most obviously does not warrant the verdict found by the

jury.   There is nothing in the facts or circumstances dis-
closed in the record from which it can be justly inferred
that appellant committed an assault with intent to commit
rape, (Crim. Code, art. 494,) or that the offense of rape,
though not committed, was attempted by the use of force,
threats, or fraud.   (Crim. Code, arts. 524, 525, 526, 530.)

The offense defined in article 494 is consummated when
an assault is made upon a woman with intent and purpose
to commit the offense of rape, though the force and vio-
lence used in making the assault may not have  equaled
that required for the commission of the offense.   (Crim.
Code, art. 524.)   If the assault is made with the unlawful
intent the offense is complete, although the offender, from
fear, resistance, or other cause, may have abandoned his
purpose without resort to the greater force which he de-
signed using, if necessary, to accomplish the intent with
which he made the assault, while, to maintain an indict-
ment, under art. 530 it must be shown that there was an
attempt to commit a rape by force, threats, or fraud.   And
this force, as defined by the code, " must have been such
as might reasonably be supposed sufficient to overcome
resistance, taking into consideration the relative strength
of the parties and other circumstances of the case."   (Crim.
Code, art. 524.)

Unquestionably it cannot be said that appellant is shown
to have attempted to commit the offense in question by
the use of such force as is here indicated; and still less can
it be said that he attempted to do so by threats or fraud as
also defined in the code.   (Arts. 525, 526.)

The evidence shows an unwarranted liberty with the
person of a female of a gross, wanton, and outrageous
character, well calculated to arouse the strongest feelings
of shame, mortification, and indignation, which was, there-
fore, unquestionably an aggravated assault upon her.   But
the manner, time, place, and circumstances under which
this assault was committed, however wanton and unjusti-

fiable, were not such as justifies the presumption that it was with the intent to accomplish the purpose for which he may have entered the room without consent and by means of force. To support the verdict it is necessary that it should appear that the intent with which the assault was made went to this extent. The improbability that he could suppose that he would be able to accomplish such a design, when the slightest outcry would have defeated it, renders it quite improbable that this was his intention. But it is not sufficient to support the verdict that this possibly may have been the purpose and intent with which he made the assault. The burthen was upon the State to show beyond reasonable doubt that such was the fact; and as this was not done, the motion for a new trial should have been granted.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.