## Henry Curry *v.* The State.

1. **Assault with Intent to Commit Rape — Indictment.** — The Code, in defining this offense, uses the words *intent* and *attempt* interchangeably; in view of which, and of other provisions, *held*, that an indictment may, in this case, sufficiently charge the offense without using the word "intent."

2. **Certainty.** — Such certainty in an indictment as will prevent prejudice to the accused, and enable him to plead the judgment in bar of a second prosecution for the same offense, meets all requirements in this regard.

3. **Charge of the Court.** — In all trials for felony, the judge, whether asked or not, must deliver to the jury a written charge, distinctly setting forth the law applicable to the case.

4. **Same.** — Violent or indecent familiarity with the person of a female, against her will, with intent to have improper connection with her, but not to commit rape, is an aggravated assault; and, therefore, in a trial for assault with intent to commit rape, the evidence may make it incumbent on the judge, though not so asked, to charge to the jury the law applicable to such aggravated assaults. See such evidence in the present case, and the comment thereon in the opinion.

**Appeal** from the District Court of Comal. Tried below before the Hon. G. H. Noonan.

The State's witness, Sophia Washington, testified as follows:

"I am acquainted with the defendant, Henry Curry; he is here present in court [pointing him out]. On Monday, the 6th day of May, 1878, my mother went to Mrs. Landa's house to wash. Defendant, who is my stepfather ordered

my younger sisters to go and get some weeds. I went myself, not thinking it would make any difference. When I came back, defendant was mad at me, and threatened to whip me. Shortly after, I went out in the yard and cut some weeds. Defendant then sent the younger children off on an errand up town, and, when there was nobody present, in or around the house, but defendant and myself, he called me into the house to look his head. When I came in, defendant was lying on the bed; he had nothing on but his shirt, drawers, and socks. When I went to the bed where defendant was lying, to look his head, he put his hand under my dress and grabbed my leg above the knee, and said to me, ' Give me some.' I hallooed, and asked him to let me loose, but he grabbed me with his other hand on my arm, and tried to pull me on the bed. He was sitting on the bed at the time. I kept crying and trying to get away from him, and he finally let me loose. I then left the house and did not come back until night, when my mother came home. I watched for her at the corner of the street, and went home with her, at the same time telling her what had happened. This took place in New Braunfels, Comal County, Texas. The defendant tried to screw me; it was all done without my consent. The house where all this happened was about 200 yards from any other house. I did halloo as loud as I could. He did not pull me on the bed. I did not see his private parts. He is much stronger than myself."

The testimony of this witness was the entire evidence in the case. The indictment was for assault with intent to commit rape, and the jury returned a verdict of guilty, and assessed the punishment at four years' confinement in the penitentiary. A new trial being refused, an appeal was taken, and the transcript made returnable to Tyler, at the instance of the accused.

*Hutchison & Franklin*, for the appellant. Defendant's motion in arrest of judgment should have been sustained. The indictment does not charge the intent with which the assault was made. The word "intent" cannot be found in the indictment. The indictment does not charge that the accused is an adult male, or even a male. It charges that defendant "attempted to ravish," etc., and there is no such offense known to our law as "an attempt to commit rape;" no such offense is defined in our Code. The only mention of such an offense is in article 2191 of Paschal's Digest, which provides that, upon trials for rape, the accused may be convicted of an attempt to commit the offense.

The intent forms part of the definition of an assault with intent to commit rape. Pasc. Dig., arts. 2156, 2184, 2189, 2191, 3095, 3096, 2859–2866, particularly art. 2866; *The State* v. *Johnson*, 11 Texas, 23; *Marshall* v. *The State*, 31 Texas, 474; *The State* v. *Nations*, 563; *Robertson* v. *The State*, 31 Texas, 36; *The State* v. *Croft*, 15 Texas, 575; *Ridgeway* v. *The State*, 41 Texas, 233; *Bush* v. *Republic*, 1 Texas, 458; *The State* v. *Hall*, 27 Texas, 334; *Cain* v. *The State*, 18 Texas, 387; *The State* v. *Durbin*, 20 La. An. 408.

*George McCormick*, Assistant Attorney-General, for the State.

ECTOR, P. J. The first point which we propose to notice in this case is raised by the appellant on a motion in arrest of judgment. It is insisted, on the part of appellant, that the indictment is not sufficient to charge an assault with intent to rape. The indictment, after charging the defendant with the commission of an assault upon one Sophia Washington, in the usual form, giving time and venue, states that defendant did "attempt by force to have carnal knowl-

edge of her, the said Sophia Washington, without the consent of the said Sophia Washington, and that said Henry Curry did then and there, in the manner and by the means aforesaid, willfully, unlawfully, and feloniously attempt to ravish and have carnal knowledge of her, the said Sophia Washington, against the will and without the consent of the said Sophia Washington," etc. Although the word "intent" is not used by the pleader, the offense is so particularly described that the intent with which the assault was made sufficiently appears.

The same question was before the Supreme Court of Georgia, and the court says:

"Is there any difference between an assault with attempt to ravish and assault with intent to ravish? We do not deny that there is a distinction between an intent and an attempt to do anything. The former implies the purpose only; the latter, an actual effort to carry that purpose into execution. But the question is whether, in crimes which require force as an element in their commission, there is any substantial difference between an assault with intent and an assault with intent to perpetrate the offense? We think not." *Johnson* v. *The State*, 14 Ga. 55.

In the case at bar the prime elements are stated, to wit: "*forcibly and against her will carnally to know* the said Sophia Washington."

Our Penal Code, in defining the offense of which the appellant was tried and convicted, uses the words *intent* and *attempt* interchangeably. We believe that the indictment charges the offense substantially in the language of the Code defining it, and that is sufficient. "Rape is the carnal knowledge of a woman without her consent, obtained by force," etc. Penal Code, art. 523.

"If it appear on the trial of an indictment for rape that the offense, though not committed, was attempted by the use of any of the means spoken of in articles 524, 525, and

526, but not such as to bring the offense within the definition of an assault with intent to commit a rape, the jury may find the defendant guilty of an attempt to commit the offense, and affix the punishment prescribed in article 494." *Ibid.*, art. 530.

"If any person shall assault a woman, with intent to commit the offense of rape, he shall be punished by confinement in the penitentiary not less than two years nor more than seven years." *Ibid.*, art. 494.

The indictment describes the offense with sufficient certainty to prevent the appellant from being prejudiced in his defense, and the offense charged is defined by such circumstances as will enable him to plead the judgment that may be given upon it in bar of any prosecution for the same offense; and this is all that is required. Code Cr. Proc., art. 398.

In all cases of felony it is the duty of the judge, whether it is asked or not, to deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case. Code Cr. Proc., art. 594; *Maria* v. *The State*, 28 Texas, 711. The charge given to the jury in this case does not fully comply with this requirement of the Code. We think the facts of the case were not such as to limit the jury to finding whether or not the defendant was guilty of an assault with intent to rape. The court also should have submitted to the jury a charge as to the law of an aggravated assault.

As was said by Justice Moore, "obviously there is a manifest distinction between an *assault to commit a rape* and an *assault with intent to have an improper connection.* Any such violent or indecent familiarity with the person of a female against her will, when the latter is the extent of the purpose and intent of the aggressor, is an aggravated assault, and should be punished as such. But whatever may be the cause, or brutally obscene character, of the as-

sault, if it appear from the evidence that it was not the object or intent of the aggressor to accomplish his desired purpose by force, against the will and without consent, then the more aggravated offense has not been committed." *Pefferling* v. *The State*, 40 Texas, 486.

Can it be said that appellant is shown to have committed the offense of an assault to commit a rape? If the assault was made with the unlawful intent as defined by the Code, the offense is complete, although the offender, from fear, resistance, or other cause, may have abandoned his purpose without resort to the greater force, which he designed using, if necessary, to accomplish the intent with which he made the assault; while to maintain an indictment for this offense under article 530, it must be shown that there was an attempt to commit a rape by force, threats, or fraud. *Thompson* v. *The State*, 43 Texas, 584. And this force, as defined by the Code, "must have been such as might reasonably appear to be sufficient to overcome resistance, taking into consideration the relative strength of the parties, and other circumstances of the case." Penal Code, art. 525.

Taking, then, into consideration the manner, time, place, and circumstances under which the assault was made in this case, and the relative strength of the parties, however wanton and outrageous the assault, are we justified in presuming that it was the purpose and intent of appellant to accomplish his design by force, and without the consent of Sophia Washington? We think not. The burden was upon the State to show, beyond a reasonable doubt, that such was his intention; and as this was not done, defendant's motion for a new trial should have been granted. The judgment of the lower court is, therefore, reversed, and the cause remanded.

*Reversed and remanded.*