## Eli Mayo *v.* The State.

1. INDICTMENT. — Under the Code of this State, an indictment is good in substance if, eliminating surplusage, it so avers the constituents of the offence as to apprise the defendant of the charge against him, and to enable him to plead the judgment in bar of another prosecution for the same offence.    That which it is not necessary to prove need not be alleged in an indictment.

2. SAME — MISNOMER. — If a misnomer occurs in an allegation which is immaterial and may be rejected as surplusage, it does not vitiate the indictment.

3. RAPE. — Sexual intercourse with a female under the age of ten is rape in this State, no matter what the circumstances; and the question of consent, or whether the intercourse was obtained by force, threats, or fraud, is wholly immaterial.

4. CASE STATED. — Indictment of one Eli Mayo for rape of a female under ten years of age alleged that he, the said Eli Mayo, did make an assault, etc., and that he, by force, threats, and fraud. "by him, the said Eli May," used, etc., and without her consent, did ravish, etc.    Defendant moved to quash for the reason, substantially, that the rape was not charged against him,

but against a different man, to wit, Eli May. But *held*, that the allegation excepted to is immaterial and surplusage, and the indictment, eliminating that allegation, remains sufficient to charge the defendant with rape of a female under ten years of age.

5. ATTEMPT TO COMMIT RAPE. — Under the Code of this State, the offence of an attempt to commit rape on a female under ten years of age may be perpetrated with her consent, and without force, threats, or fraud.

6. EVIDENCE. — In a trial for rape, the prosecutrix cannot be required to testify to illicit intercourse between herself and any one other than the defendant.

7. PRACTICE. — Art. 729 of the Revised Code of Criminal Procedure introduces a new rule of practice by providing that the judge, in ruling upon the admissibility of evidence, shall not comment on its weight or bearing, but simply pass on its admissibility. Under this rule, it seems that objections to evidence which are not assigned at the time should be considered waived.

APPEAL from the District Court of Houston. Tried below before the Hon. W. D. WOOD.

All material facts appear in the opinion.

*Moore & Burnett*, for the appellant. Under the charge of the court the jury were told that the defendant could be convicted of an attempt to commit rape if he merely attempted the act, and the girl was at the time under the age of ten years, although she may have consented to the attempt, and although there was neither force, threats, nor fraud. Is this law? "Every offence includes within it an attempt to commit the offence, when such attempt is made penal by law." Code Cr. Proc., art. 714. The only article of the Penal Code authorizing a conviction for an attempt to commit rape is art. 635, as follows : "If it appears on the trial of an indictment for rape that the offence, though not committed, was attempted by the use of any of the means spoken of in arts. 529, 530, and 531, but not such as to bring the offence within the definition of an assault with intent to commit rape, the jury may find the defendant guilty of an attempt to commit the offence, and affix the punishment prescribed in art. 503."

By this article a conviction for this offence is limited to cases where the attempt was made by the use of force as

defined in art. 530, or of fraud as defined in art. 531. While it is clear that actual carnal knowledge of a girl under ten years of age is rape whether she consents or not, it seems equally clear that a mere attempt, without force, threats, or fraud, to have carnal knowledge, with her consent, is no offence by law. We do not argue that the defendant could not be convicted of an attempt to commit rape, if the girl was under the age of ten years, because she may have consented ; it is probable the consent of a child under such age would not, under the law, excuse an attempt to have carnal knowledge of her.. But, conceding this proposition, we do respectfully urge that while consent may be immaterial in such case, yet to constitute the offence of an attempt to commit rape, one of the prime elements of *force, threats, or fraud* must be proved. Art. 535, Penal Code; *Curry* v. *The State*, 4 Texas Ct. App. 599; *Thompson* v. *The State*, 43 Texas, 684. The charge of the court fails to define the offence of an attempt to commit rape ; nowhere in the charge is it stated that force, threats, or fraud is essential to constitute such offence ; and it is, we submit, quite evident that the jury, in acquitting defendant of rape, and of assault with intent to commit rape, did not find that he used any force, and on the above quoted paragraph of the charge, which made the *mere attempt*, without any force, and with or without her consent, a felony, found him guilty of an attempt to commit rape.

The error in the charge is fundamental, and, we think, clearly entitles the defendant to a reversal of the judgment.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.    Under an indictment for rape upon a female child of the age of eight years, this appellant was found guilty of an attempt to commit rape (Rev. Stats., Penal Code, art. 535), and his punishment assessed at two years' confinement in the penitentiary.    Rev. Penal Code, art. 503.

A motion was made to quash the indictment, which was overruled, and this action is one of the chief errors complained of. In order to make the question understood, we reproduce a portion of the indictment, which is as follows, after the usual formal portions: "that Eli Mayo, on the thirtieth day of July, in the year of our Lord one thousand eight hundred and seventy-four, in the county of Houston aforesaid, in and upon one Ella Gann, a female then and there being of the age of eight years, unlawfully, feloniously, and wilfully an assault did make; and that the said Eli Mayo, then and there being an adult male, and over the age of fourteen years, did then and there unlawfully, wilfully, and feloniously, *and by force, threats, and fraud, then and there by him, the said Eli May, used and practised upon the said female, Ella Gann, and without the consent then and there of the said Ella Gann*, ravish and have carnal knowledge of the said female, Ella Gann, by then and there having sexual intercourse with her, the said Ella Gann; against the peace and dignity of the State." We have italicized the portion of the indictment which we propose to discuss in connection with the motion to quash.

The special ground upon which the motion was based is thus stated in the motion, viz. : "that said pretended indictment alleges that Eli Mayo committed a rape upon Ella Gann, and that *Eli May* used the force, threats, and fraud," etc. In other words, it is contended that defendant, Eli Mayo, is charged with making the assault, whilst Eli May, another and different person, is charged with the actual perpetration of the rape.

As here presented, the question is not one of misnomer only (*Foster* v. *The State*, 1 Texas Ct. App. 531), nor of misnomer wherein the indictment might be corrected (Rev. Stats., Code Cr. Proc., arts 513, 514); but the objection, if a valid one, goes to the substance and sufficiency of the indictment. It is necessary, then, to determine if the objection is a valid one. To do this we must consult the

known and well-established rules of criminal pleading and construction. A rule almost fundamental is that no allegation, whether it be necessary or unnecessary, or more or less particular, which is descriptive of the identity of what is legally essential to the charge in the indictment, can be rejected as surplusage. 1 Bishop's Cr. Proc., sect. 485; *Warrington* v. *The State*, 1 Texas Ct. App. 168. But allegations not essential to constitute the offence, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded. *United States* v. *Howard*, 3 Sumn. 12. And where an indictment contains matter unnecessary to a description of the offence, it may be rejected. *The State* v. *Coppenburg*, 2 Strobh. 273. Again, if, eliminating surplusage, an indictment so avers the constituents of the offence as to apprise the defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution, it is good in substance under our Code. *Coleman* v. *The State*, 2 Texas Ct. App. 512; *Burke* v. *The State*, 5 Texas Ct. App. 74. A variance in the name in an indictment will not be fatal if the name be immaterial to constitute the offence and may be rejected as surplusage. 2 East P C. 593; Roscoe's Cr. Ev. 82. If the name of a person be mistaken in an indictment, and the allegation in which the misnomer occurs be immaterial, so that it may be rejected as surplusage, it will not vitiate the indictment. *The Commonwealth* v. *Hunt*, 4 Pick. 252; *United States* v. *Howard*, 3 Sumn. 12.

Now to apply these rules to the case we are considering. As we have seen, the indictment is for rape committed upon the person of a female child under the age of ten years. Mr. Bishop says: "These are English statutes, the early ones — as 18 Eliz., c. 7, sect. 4 — being probably common law in this country, making the carnal knowledge of female children under ten years, though consenting, felony. * * *

Thus, though we have almost no direct decisions to guide us, yet, according to established principles, the common law of this country makes the unlawful carnal knowledge of a girl who consents while between ten and twelve years old indictable as a misdemeanor; below ten, indictable as a felony. The whole subject has been regulated by legislation in many, perhaps all, of the States." 2 Bishop's Cr. Law (5th ed.), sect. 1133.

In our own statute, rape is defined to be "the carnal knowledge of a woman without her consent, obtained by force, threats, or fraud; or the carnal knowledge of a female under the age of ten years, with or without consent, and with or without the use of force, threats, or fraud." Rev. Stats., Penal Code, art. 528. Sexual intercourse with a female under the age of ten years is rape, no matter what the circumstances; and the question of consent, whether obtained by force, threats, or fraud, is wholly immaterial. *Anschicks* v. *The State*, 6 Texas Ct. App. 525. If the offence is complete when committed upon a female under ten, "with or without her consent, and with or without the use of force, threats, or fraud," then it follows that none of those elements of the crime are required to be proven, and that it is in such case unnecessary to allege either of those facts in the indictment; that is, to negative the consent, or aver the means used to accomplish the crime, because "that which it is not necessary to prove need not be stated in the indictment." Rev. Code Cr. Proc., art. 421.

When we consult standard precedents for indictments of this character, we will find that the prescribed forms do not contain such allegations. See 1 Whart. Prec. of Indict. 189, 190. Mr. Bishop, in his Criminal Procedure, vol. 1, sect. 481, discusses this very question, and cites authorities in support of the position above taken by us, one of the cases cited being identical.

Looking now to the indictment as copied herein above, we find that, if all that portion which we have italicized be

treated as surplusage and stricken out, the indictment as eliminated, will be amply sufficient to charge the offence. If they are immaterial and unnecessary, then, as we have seen, they may be treated as surplusage and rejected, and should be. With this unnecessary portion rejected as surplusage, the motion to quash was without substantial foundation, and the court therefore did not err in overruling it.

It is contended in the ingenious brief of counsel that the defendant could not be found guilty of an attempt to commit rape under the circumstances of this case, and that the charge of the court upon this aspect of the case was erroneous. The charge complained of is in the following language : " If you have a reasonable doubt as to whether the defendant penetrated Ella Gann, as before stated in this charge, in such case if you believe beyond a reasonable doubt the said Ella was under the age of ten years, and you further find that the defendant attempted to have carnal intercourse with the said Ella, whether you find she consented to such attempt or not, then and in such case, if you so find from the evidence beyond a reasonable doubt that defendant made such attempt, the defendant is in law guilty of an attempt to commit rape." It is said by counsel : " While it is clear that actual carnal knowledge of a girl under ten years of age is rape, whether she consents or not, it seems equally clear that a mere attempt, without force, threats, or fraud, to have such carnal knowledge, with her consent, is no offence defined by law, — that while consent may be immaterial in such case, yet to constitute the offence of an attempt to commit rape one of the prime elements of *force*, *threats*, *or fraud* must be proved." Citing Penal Code, art. 535 ; *Thompson* v. *The State*, 43 Texas, 584 ; *Curry* v. *The State*, 4 Texas Ct. App. 579.

The answer to this position is that the law makes carnal intercourse of a female under ten years *ipso facto* rape, — the tender years of the female stand in lieu of and supply all that would be requisite to allege and prove in other cases.

Now, if the party can be convicted and punished where he has accomplished his purpose, is it not, *à fortiori*, absurd to say he cannot be punished under similar circumstances for attempting to perpetrate the crime? The law says it is not necessary that force, fraud, or threats shall be used on a female under ten, in ravishing her, and if she consents it is rape nevertheless. And so in the attempt; she may consent, and yet the attempt is an act of force and fraud, because she is incapable of consent; and to take advantage of her consent is both force and fraud in contemplation of law.

The court did not err in refusing the special instruction asked by defendant's counsel.

In so far as it is complained that the court erred in its rulings upon the evidence offered by the defendant and excluded, as shown by the bill of exceptions, the explanation made by the judge for the reasons of his action is entirely satisfactory. In prosecutions for rape, the prosecutrix cannot be interrogated as to criminal connection with any other person, except as to her previous intercourse with the prisoner himself; nor is such evidence of other instances admissible. 6 Greenl. on Ev., sect. 214; *Pefferling* v. *The State*, 40 Texas, 492; *Dorsey* v. *The State*, 1 Texas Ct. App. 33; *Jenkins* v. *The State*, 1 Texas Ct. App. 346. As to this evidence a further explanation of the bill of exceptions is made by the court, as follows: "The court understood from defendant's counsel, on the trial, that their object in the introduction of evidence as to acts of incontinence by Ella Gann with men other than defendant, both before and after the alleged commission of the offence charged upon defendant, was for the purpose of impeaching her general character for chastity. They insisted earnestly that the evidence was admissible for the purpose, and the court ruled with this understanding. They now say and insist that there was another object, which was to show that the injury, if any, inflicted on the private parts of Ella Gann was the result of such connection with other per-

sons, or that it would be a circumstance to negative the idea that such injury was caused by defendant." We are of opinion that the court did not err.

This explanation of the judge induces us to call attention to a new rule of practice incorporated into the Revised Code of Procedure, viz. : " In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same, or its bearing in the case, but shall simply decide whether or not it be admissible." Art. 729. Inasmuch as the judge cannot discuss or comment upon the proposed evidence, but must simply decide upon the objections made to it, it seems fair to infer that all objections intended to be relied on must be clearly stated, so that he may act in reference to all, and that a failure to assert any objection would be tantamount to a waiver of all objections not affirmatively presented.

We have been unable to discover any such error in this record as requires a reversal, and the judgment is therefore affirmed.

*Affirmed.*