### NATHAN HOUSE *v*. THE STATE.

ASSAULT WITH INTENT TO COMMIT RAPE. — See evidence held insufficient to sustain a conviction for an assault with the intent to commit the offence of rape.

APPEAL from the District Court of Tarrant. Tried below before the Hon. A. J. HOOD.

A term of seven years in the penitentiary was the punishment assessed against the appellant.

The opinion gives a condensed, but clear and comprehensive statement of the evidence for the State.

*J. C. Scott*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, and *W. B. Dunham*, for the State.

White, P. J.   Our statute declares that " if any person shall assault a woman with intent to commit the offence of rape, he shall be punishable by confinement in the penitentiary not less than two nor more than seven years." Penal Code, art. 503.

Succinctly given, the evidence in the case before us may be stated as follows : On the morning of the 23d of February, A. D. 1880, Miss Maggie Coulter, the assaulted female, a white woman, was washing clothes in the wash-room of a Mr. Sturgeon, at whose house she lived, and at about half-past five o'clock A. M. she went out into the yard to get a bucket of water.   Just as she dipped up the water and turned around, she saw a negro man standing at the corner of the kitchen, which was in the same building with the wash-room, the witness's bed-room being between the two rooms. There were lights in the kitchen and wash-room.   As the negro man advanced from where she first saw him, towards witness, he passed across the light from the kitchen door, which was open.   Witness recognized him, and knew it was Nathan House, the appellant, whom she knew well, he having worked at the same place where she staid, for some time.   Defendant came straight towards her, until he got up close enough to take hold of her, when he reached out both hands as though he would take her in his arms.   She screamed aloud, and threw up the bucket, and ran into the house.   Defendant then passed out of the gate.   Defendant did not put his hands on her, and he said nothing at all during the occurrence.   It was ascertained that the window of the wash-room had been raised, and a stick placed under the sash to hold it up, by some one, before the meeting of the parties, as we have just detailed it.   In brief, this is the evidence for the State.   For the defence, an *alibi* was attempted to be proven.

Admit that the facts above stated for the prosecution were true, is the offence of an assault with intent to commit rape made out with that degree of certainty which pre-

cludes the possibility that such motive and purpose may not have actuated the conduct of defendant? We think not. The cases of *Thompson* v. *The State*, 43 Texas, 583, and *Curry* v. *The State*, 4 Texas Ct. App. 574, present much stronger inculpatory circumstances, and yet, upon appeal, were both reversed, because the facts were not sufficient and a new trial should have been granted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*