9   567
30   555

## NATHAN HOUSE *v.* THE STATE.

1. ASSAULT WITH INTENT TO COMMIT RAPE — BURDEN OF PROOF. — In prosecutions for assault with intent to commit rape, the burden of proof to show the criminal intent is upon the State, and evidence showing a mere possibility of the existence of such intent will not support a verdict of guilty.

2. FORMER CONVICTION — PRACTICE. — A former conviction which has been set aside affords no presumption of guilt, and prosecuting officers are prohibited by statute from alluding thereto in argument at a subsequent trial.

Appeal from the District Court of Tarrant.    Tried below before the Hon. J. J. Jarvis, Special Judge.

This is a second appeal from a conviction for assault with intent to rape.    See *ante,* p. 53.    The facts proved on the last are identical with those proved at the former trial.

*Furman & Furman,* and *B. G. Johnson,* for the appellant.

*W. B. Dunham,* for the State.

White, P. J.    This is a second appeal in this case.    On the former appeal the case was reversed, at Austin, solely because, in the opinion of this court, the evidence did not make out the charge alleged in the indictment — assault with intent to commit a rape.    If there is any essential difference between the facts then proven and the evidence now submitted to us in the statement of facts, then we confess we are unable to perceive it.    We cannot give our sanction, and will not, to a conviction founded upon such slight probabilities or suspicions of guilt.    Defendant did not touch the prosecutrix — he did not say a word to her; his conduct might well have indicated some other purpose than an intent to assault and ravish her.

As stated formerly, the case is not by any means as strong as the case of *Thompson* v. *The State,* 43 Texas, 583, or *Curry* v. *The State,* 4 Texas Ct. App. 574, and both those cases were reversed because the evidence was insufficient. As was held in Thompson's case, the burden was upon the State to show, beyond a reasonable doubt, the criminal intent as charged, and it is not sufficient to support the verdict that possibly such intent may have been the purpose with which he made the assault.    We cannot commend too highly that natural and instinctive feeling which actuates honest jurors and honest officers of the law to protect female innocence and virtue from outrage and wrong, but that

very feeling should always render them the more cautious that, in endeavoring to vindicate the right in such cases, they do not suffer it to cause them to overstep the bounds and limits of the law.

Our view of this evidence necessarily disposes of the case on the appeal. There is another matter, however, apparent of record, which we cannot pass by in silence, lest our silence should be interpreted into an indorsement of, or indifference to, such practices. In his closing argument to the jury, it is made to appear by the fifth bill of exceptions that W. S. Pendleton, the county attorney, after indulging in some personal remarks by way of rejoinder to allusions made by defendant's counsel to matters outside the record, proceeded as follows : " That if the State of Texas had an assistant attorney-general worth a cent, that this cause would not have been reversed on a former appeal, and if there should be a conviction of defendant this time, he would see that a correct statement of facts went up on the next appeal, and that the Court of Appeals· would affirm the verdict." At the very time he was using this argument to induce the jury to convict the defendant, the county attorney should have known, if he did not, that the statute expressly prohibited him from doing so, and that the fact that he did use it, if made to appear, would of itself compel a reversal of the conviction he was seeking to obtain. When a case is reversed on appeal, or a new trial awarded in the lower court, the statute expressly declares that " the former conviction shall be regarded as no presumption of guilt, *nor shall it be alluded to in the argument.*" Code Cr. Proc., art. 785 ; *Hatch* v. *The State,* 8 Texas Ct. App. 416.

One of the first lessons which a prosecuting officer should learn is, that the State does not expect, and much less will she tolerate, the use of any unfair means and arguments to secure the conviction of one charged with crime. If a conviction of the accused cannot be had fairly, and without urging against him matters outside the evidence and foreign

to his guilt, then the State does not ask and will not have the conviction, because it is tainted with, if not founded upon, injustice and wrong.

The uncalled-for and inexcusable fling made at the assistant attorney-general does not place the county attorney in a light a whit more enviable than his illegal and unauthorized argument just noticed. This able, efficient, and zealous officer of the State needs no defence at our hands against such wanton and unprovoked slurs, not to characterize the remarks used by harsher terms. But we will say, nevertheless, that he would almost have to be gifted with omnipotence to be able successfully to contend with all the errors needlessly or ignorantly injected into the proceedings of the lower courts by the incompetence or inadvertence of prosecuting officers. How it could for a single moment be imagined that any degree of skill or ability on his part could supply a statement of facts wholly insufficient to support the conviction,— which was the sole ground of reversal in this case on the former appeal,— we candidly confess we are utterly unable to conjecture. To attempt to throw the blame upon him, under the circumstances, was more than unjust. It was more than ungenerous in the prosecuting officer, and should have met with a more decided and prompt condemnation from the judge presiding than a mere remonstrance or admonition that a fine would be imposed if the conduct was repeated.

The judgment is reversed and the cause again remanded for a new trial.

*Reversed and remanded.*