## LEE GEORGE *v.* THE STATE.

1. AGGRAVATED ASSAULT.— Clause 5, article 496 of the Penal Code declares that an assault becomes aggravated when committed by an adult male on a female or child, or by an adult female on a child. *Held*, that "adult" means a person who has attained the age of twenty-one years; and in a prosecution based on this clause the State must prove that the defendant was an adult when the assault was committed.

2. SAME.— But, under clause 6 of the same article, a male minor could, it seems, commit an aggravated assault on a female by violent

familiarity with her person, against her will, with intent to have sexual knowledge of her.

3. PLEA.— Without a plea made by or entered for the defendant, there is no issue to warrant the introduction of evidence, and nothing to try. The ruling on this subject in *Cole* v. *State, ante,* p. 67, referred to and approved.

4. EVIDENCE — PRACTICE.— The ruling in *Hewitt* v. *State,* 10 Texas Ct. App. 501, cited with approval.

APPEAL from the County Court of Delta. Tried below before the Hon. C. S. NIDEVER, County Judge.

The opinion indicates the material features of this case. It was in proof that the appellant was about eighteen years old, and the injured female testified that, against her will, and soliciting a sexual embrace, he seized her around the neck. She got away from him, and told him she would knock him down with a club if he touched her again. A fine of $150 was the penalty assessed against him.

*E. B. Perkins,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. The offense charged in the information was an assault committed by an adult male upon a female. The evidence showed defendant to be of the age of eighteen years. At the instance of the county attorney a special instruction was given in the following language: "That the term 'adult male,' as used in the information, does not necessarily mean a person twenty-one years old, but means a male person who is grown in the common acceptance of the term." This instruction is in direct conflict with the rule laid down in *Schenault* v. *State,* 10 Texas Ct. App. 410, wherein it was held that "the word 'adult' as used in article 496 of the Penal Code signifies a person who has attained the full age of twenty-one years."

Under the information in this case the State was compelled to prove "an adult male" as alleged; that is, a male who had attained the age of twenty-one years. But it may be asked, can an aggravated assault be committed under the other circumstances alleged by a male person under twenty-one years of age? We think so, but not under subdivision 5 of article 496, Penal Code, as was attempted herein.

It has been held time and again that violent and indecent familiarity with the person of a female, against her will, with intent to have improper connection with her, is an aggravated assault. *Pefferling* v. *State*, 40 Texas, 486; *Curry* v. *State*, 4 Texas Ct. App. 574; *Ridout* v. *State*, 6 Texas Ct. App. 249; *Veal* v. *State*, 8 Texas Ct. App. 474.

That an offense of such character and under such circumstances may and can be committed as well by a male under the age of twenty-one as by an "adult" is most unquestionable. The prosecution, however, in such a case should be based upon and carried on under subdivision 6th of article 496, Penal Code, the ground of the prosecution being that the means used in the infliction of the injury tended to disgrace the female assaulted. In harmony with this view we find the following emphatic language used by our Supreme Court in *Thompson* v. *State*, 43 Texas, 583, viz.: "The evidence shows an unwarranted liberty with the person of a female, of a gross, wanton and outrageous character, well calculated to arouse the strongest feelings of shame, mortification and indignation; which was therefore unquestionably an aggravated assault upon her." And in further support of this view we find that a male under our laws who has attained the age of fourteen years can be tried and convicted for rape or an assault with intent to commit rape. Penal Code, arts. 533–535.

Another error complained of is that the information

was not read and defendant did not plead, nor was he called upon to plead, until after all the evidence in the case had been adduced. We have just had occasion in the case of *Cole* v. *State*, decided at the present term *(ante,* p. 67), to hold that such an error would be fatal to the validity of the verdict and judgment of conviction. Without a plea there would be no issue to support the introduction of evidence; there would be nothing to try.

Another error committed by the court was the refusal to permit defendant's witness, Mrs. George, to testify as shown by the 9th bill of exceptions. This bill recites that "late in the evening, the State having closed its testimony, the defendant, having introduced all his witnesses but one, made, by and through his counsel, the following statement,— that he would wish to introduce the testimony of defendant's mother, Mrs. George, on the next morning, and asked the court to continue the case over till next morning for that purpose, stating that he, defendant, would prove by his mother that, on the day this offense is charged to have been committed, she was standing in her door and saw the witness Georgia Nabors leave her (Mrs. George's) house and go down the road to where defendant was gathering brush, about 75 yards, and then stop and have a long conversation with defendant,— at least fifteen minutes. Defendant's counsel also stated that his, defendant's, mother was quite old and in feeble health, and he did not wish to bring her to the court-house until he was ready to introduce her, and that he would have her there before the court very early the next morning. Whereupon the court announced that the evidence must be closed that evening. That on the next morning, July the 12th, defendant's counsel, before the argument of counsel had commenced, offered to have the said witness sworn and testify, when the State's counsel objected and the objection was by the court sustained," etc.

The circumstances detailed bring the case within the rule regarding "due administration of justice" enunciated in *Hewitt* v. *State*, 10 Texas Ct. App. 501, where a similar question was decided.

For the errors above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*