PEOPLE, PLAINTIFF AND APPELLEE, *v.* COLÓN, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
a Prosecution for Aggravated Assault and Battery.

No. 1185.—Decided July 20, 1917.

ASSAULT AND BATTERY—AGGRAVATED ASSAULT—ADULT MALE.—The words "adult
male" appearing in subdivision 5 of section 6 of the Act of March 10,
1904, which makes an assault and battery committed by such person on
the person of a female or child an aggravated offense, signify a person
over twenty-one years of age—a fact which must be proved at the trial.

ID.—EVIDENCE—IMPEACHMENT.—The Government may not introduce a witness
and without showing surprise bring incriminating hearsay evidence before
the court under the guise of contradiction.

The facts are stated in the opinion.

*Mr. Marcelino Romany* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant was charged with assault and battery under the
aggravated circumstances enumerated in No. 5 of section 6
of the Act of March 10, 1904, as follows:

"Section 6.—An assault and battery becomes aggravated when
committed under any of the following circumstances:

  *       *       *       *       *       *       *

"5. When committed by an adult male upon the person of a
female or child, or by an adult female upon the person of a child."

This statute was copied from Texas. *Lange* v. *People,* 24
P. R. R. 796. In that State the words "adult male" have
been held to mean a person over twenty-one years of age.
*Shenault* v. *State,* 10 Tex. Ct. of App. 410; *George* v. *State,*
11 Tex. Ct. App. 95; *Andrew* v. *State,* 13 Tex. Ct. App. 344;
*Davis* v. *State,* 76 S. W. 466, and cases cited. The ordinary
presumption would follow that we adopted the statute with
the construction put upon it by the courts of Texas, and,
moreover, "adult male" in English ordinarily means a per-
son older than twenty-one years. The proof in this case
did not show that defendant was over twenty-one. The fact

that one witness protestingly exclaimed at the time against a man beating a woman does not show that defendant was over twenty-one. There was some reference to crying children, but the evidence does not show that they were the children of appellant, even if having children was sufficient to show that a person is an adult.

Appellant also complains of error in permitting a witness to testify as to what the injured woman told the municipal judge. The injured woman denied having told the judge that defendant had beaten her. Without any attempt to show that the Government was surprised by her testimony, this impugning evidence was introduced. We have commented on this class of procedure unmistakably in the case of *People v. Rojas,* 16 P. R. R. 238, and yet neither the judge of the court nor the parties to this case seem to be aware of it. And a similar pronouncement was made in *People v. Ramírez de Arellano, ante,* p. 243. The Government may not introduce a witness and, without showing surprise, bring incriminating hearsay evidence before the court under the guise of contradiction.

It is unnecessary to notice the other errors assigned. The judgment must be reversed and the case sent back for a new trial.

*Reversed and remanded.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.