EL PUEBLO, DEMANDANTE Y APELADO, *v.* COLÓN, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan. Sección Segunda, en causa por acometimiento y agresión con circunstancias agravantes.

No. 1185.—Resuelto en julio 20, 1917.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—VARÓN ADULTO.—
Las palabras "varón adulto" (*adult male*) contenidas en el No. 5 de la sección 6 de la ley de 10 de marzo de 1904, que hace con circunstancias agravantes un acometimiento o agresión cuando se cometiere en la persona de una mujer o niño, significan una persona mayor de veinte y un años; circunstancia que debe probarse en el juicio.

TESTIGOS—PRUEBA DE REFERENCIA CONTRADICIÉNDOLOS.—El Pueblo no debe presentar un testigo y sin demostrar sorpresa traer ante la corte prueba de referencia recriminándolo bajo pretexto de que existe contradicción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Marcelino Romany.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El apelante fué denunciado por acometimiento y agresión con la circunstancia agravante expresada en el No. 5 de la sección 6 de la ley de 10 de marzo de 1904, la cual es como sigue:

"Sección 6.—Todo acometimiento o agresión será considerado con circunstancias agravantes en los siguientes casos:

\* \* \* \* \* \* \*

"5. Cuando se cometiere por un varón adulto en la persona de una mujer o niño, o por una mujer adulta en la de un niño."

Esta ley fué copiada de la de Texas, *Lange* v. *El Pueblo,* 24 D. P. R. 854. En ese Estado las palabras "varón adulto" se ha resuelto significan una persona mayor de veinte y un años. *Shenault* v. *State,* 10 Texas Ct. of App. 410; *George* v. *State,* 11 Tex. Ct. App. 95; *Andrew* v. *State,* 13 Tex. Ct. App. 344; *Davis* v. *State,* 76 S. W. 466, y casos citados. La presunción ordinaria sería de que hemos adoptado el estatuto con la interpretación que le han dado las cortes de Texas y, aun más, *adult male* (varón adulto) ordinariamente significa en inglés una persona mayor de veinte y un años. La prueba en este caso no demostró que el acusado era mayor de veinte y uno. El hecho de que un testigo en los momentos de ocurrir la agresión protestara contra el que un hombre le pegara a una mujer, no demuestra que el acusado fuera mayor de veinte y uno. Se hizo alguna referencia a niños que lloraban, pero la prueba no demuestra que fueran los hijos del apelante, aun si el tenerlos, fuera suficiente para demostrar que una persona es adulta.

El apelante también alega error por haberse permitido a

un testigo declarar acerca de lo que la agredida manifestó al juez municipal. La agredida negó haber dicho al juez que el acusado le había pegado. Sin haber intentado el Gobierno demostrar que fuera sorprendido por la declaración de ella, esta prueba de impugnación fué presentada. Hemos comentado inequívocamente esta clase de procedimiento en el caso de *El Pueblo* v. *Rojas*, 16 D. P. R. 251, y, sin embargo, ni el juez de la corte inferior ni las partes en este caso parecen tener conocimiento de ello. E igual pronunciamiento se hizo en el caso de *El Pueblo* v. *Ramírez de Arellano*, 25 D. P. R. 263. El Gobierno no debe presentar un testigo, y sin demostrar sorpresa, traer ante la corte prueba de referencia recriminándolo bajo el pretexto de que existe contradicción.

Es innecesario hacer mención de los otros errores señalados. La sentencia debe ser revocada y el caso devuelto para la celebración de un nuevo juicio.

> *Revocada la sentencia apelada y ordenada la*
> *celebración de nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.