THATCHER M. KRUM, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Rape.** In a prosecution for an assault with intent to commit a rape, an instruction that " there must be an assault and also an accompanying intent, and this intent may be gathered or inferred from *any* circumstances attending the commission of the alleged crime tending in *any manner* to show such intent in the mind of the defendant at the time," is erroneous.

2. ———: EVIDENCE. To warrant a conviction in such case, the circumstances when taken together must be of so conclusive a nature as to show the intent beyond a reasonable doubt.

ERROR to the district court for Stanton county. Tried below before CRAWFORD, J.

*H. C. Brome*, for plaintiff in error.

*William Leese, Attorney General*, and *W. F. Bryant*, for the state.

MAXWELL, CH. J.

The plaintiff was tried at the September, 1884, term of the district court of Stanton county, and found guilty of

an assault with intent to commit a rape, and sentenced to imprisonment in the penitentiary. He now prosecutes error to this court.

The testimony tends to show the following facts: That on the 7th of December, 1881, the plaintiff went to the residence of Frank Severin, in the town of Stanton, between five and six o'clock in the evening of that day, and rapped at the door, which was opened by Mrs. Severin, the wife of Frank Severin. She testifies that she "let him in and gave him a chair for him to sit down," that "he begun to talk to me something about money, which I didn't understand." Then follows a statement that she was holding a child about one year old; that as she went to lay the child in the cradle the plaintiff threw her on the bed. Then follows a statement of her struggles, etc., which, as there must be a new trial for reasons hereafter stated, will be omitted.

The testimony tends to show that the house in which the prosecutrix resided was a double one, and occupied at the time by two families; that she had been acquainted with the plaintiff about three years and a half; that the plaintiff was intoxicated at the time. The prosecuting witness was unable to understand the English language, and hence her testimony was taken through an interpreter. In addition to this the questions, even on the part of the state, were to a great extent leading and suggestive of the answers desired, and for this as well as the vagueness of the testimony very much is left to conjecture.

The state then offered to prove from the records of the court that, "an indictment for this same offense was procured against this defendant, and on a plea in abatement was quashed by the court on the 26th day of September, 1882," and * * "that a second indictment was found on the following day, to-wit., the 27th day of September, 1882, and that on the same day a capias was issued for the

arrest of the defendant on said indictment; and counsel for
the state further offers to prove by the clerk of this court
that such capias, together with the return, has been lost;
and counsel for the state further offers to prove by the
sheriff of the county that between the date of the quashing
of the first indictment named and the time of finding the
second indictment, the defendant herein, Thatcher M. Krum,
who had before that time been under arrest pending a trial
on the first indictment, escaped from Stanton county and
remained away from said county until he was arrested un-
der the capias issued at the last term of this court, and that
the sheriff, between the time of such escape and the last
term of this court, made diligent search and inquiry, but
was unable to find said defendant *in Stanton county*. The
state offers to prove said facts as circumstances showing
the guilt of the accused."

This, on the objection of the defendant, was excluded,
and while no particular point is made on this offer by the
plaintiff in error, although the objection is urged in the
brief, we desire to say that such an offer made in the pres-
ence of the jury for the purpose named could not fail to
be prejudicial. There is no testimony whatever that
Krum was a resident of Stanton county, or that he went to
any other place than his own home. When he left Stanton
county he was not under arrest, nor, so far as appears,
under any obligation to remain in Stanton county. How,
then, could he escape? To constitute an escape there must
be an actual arrest and a legal and continuing imprison-
ment. 1 Bish. Cr. Law, § 919. From some unexplained
cause no effort, so far as this record discloses, was made to
institute a prosecution against the plaintiff in error until a
considerable time after the commission of the alleged of-
fense, and nearly two years elapsed from the time the sec-
ond indictment was found before the cause was brought to
trial. No doubt there was a cause for this delay, but it
does not appear in the record. The mere fact that the

accused did not reside in Stanton county, if his residence
was known, or with proper inquiry could have been ascer-
tained, is not a satisfactory explanation of the delay.

In *St. Louis v. State*, 8 Neb., 411–412, where an im-
proper question was asked and excluded, this court refused
to reverse the case for that cause alone.   A different rule,
however, may obtain where there is an offer of evidence
which is clearly incompetent, as that the defendant has
committed a crime other than that with which he ·is
charged.   The effect of such an offer cannot fail to be preju-
dicial to the accused on the minds of the jury, and nothing
that the court can say will entirely obliterate the effect.
Cases are to be tried upon the evidence, and the guilt of
the accused determined from that alone, and no prosecuting
officer should be permitted to supply its place with preju-
dice.

The court at the request of the state gave the following
instruction:

"No. 2. An assault with intent to commit a rape is a
crime made up of many parts, all of which must exist to
make the crime complete.

"There need be no rape.   It is only necessary that the
defendant should commit the assault as charged with that
intent (to commit rape) in his mind.

"There must be an assault and also an accompanying in-
tent, and this intent may be gathered or inferred from any
circumstances attending the commission of the alleged
crime tending in any manner to show such intent in the
mind of the defendant at the time."

No case has been cited to sustain this instruction, and I
think none can be found.   The intent to commit the
offense charged in the indictment constitutes the felonious
act, and this intent is to be gathered from the circumstances,
not from one but from all, and the circumstances when
taken together must be of so conclusive a nature as to
establish that fact beyond a reasonable doubt.   *Walbridge*

*v. State,* 13 Neb., 236.    *People v. Levison,* 16 Cal., 98. *People v. Phipps,* 39 Id., 326.    *Sumner v. State,* 5 Blackf., 579.    *Com. v. Webster,* 5 Cush., 296.    3 Greenleaf Ev., § 29.

In *People v. Levison, supra,* it is said: "The court should in criminal cases instruct the jury hypothetically as a general rule.    It should not assign a conclusive effect to circumstances, or assume that they are proven.    It is for the court to determine the admissibility of evidence, and for the jury to determine its effect and credibility of the witnesses.    In *State v. Canada,* 27 N. W. R., 288, recently decided by the supreme court of Iowa, it was held that to sustain a conviction for assault with intent to commit a rape the evidence must show that the accused had a purpose, not only to have sexual intercourse with the prosecutrix, but must have intended also to use whatever degree of force might be necessary to overcome her resistance and accomplish his object.    This we regard as a correct statement of the law.    The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.