THE STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. GRANT WRIGHT, DEFENDANT IN ERROR.

1. **Criminal Law:** RAPE: EVIDENCE. In a prosecution for rape, under section 12 of the criminal code, which provides that if any male person, of the age of eighteen years or upwards, shall carnally know or abuse any female child under the age of fifteen years, with her consent, such person shall be deemed guilty of rape, etc., it is not necessary to prove that the prosecutrix has not reached the age of puberty if it be shown that she is under fifteen years of age.

2. ———: ———. The act of 1887 fixes the age of consent for a female child at fifteen years, and in effect declares that she is incapable of consenting to the act of sexual intercourse, and that such intercourse with her when under that age, by a person over eighteen years of age, even with her consent, will constitute rape.

EXCEPTIONS taken to the district court for Saline county, MORRIS, J., presiding. Filed under the provisions of Secs. 515, 517, Criminal Code.

*J. C. Smith* and *A. W. Agee*, for plaintiff in error, cited: *Anschicks v. The State*, 6 Tex. Ct. App., 524. *Lawrence v. Commonwealth*, 30 Gratt., 845. *Joiner v. The State*, 62 Ga., 560. *State v. Tillman*, 30 La. Ann., 1249. *State v. Erickson*, 45 Wis., 86. *Fizell v. The State*, 25 Wis., 364. *People v. McDonald*, 9 Mich., 150. *Crosswell v. The People*, 13 Mich., 429. *Commonwealth v. Sugland*, 4 Gray, 7. *Gosha v. The State*, 56 Ga., 36.

*O. P. Mason*, for defendant in error, cited: *Blackburn v. State*, 22 Ohio State, 102. *O'Meara v. The State*, 17 Ohio State, 515. *Oliver v. The State*, 4 American Crim. Law, 523. *Regina v. Day*, Eng. Law and P., 722.

REESE, CH. J.

This is a proceeding in error to the district court of Saline county, instituted by the prosecuting attorney of that county.

An information was filed in that court charging Grant Wright with having committed the crime of rape upon one Maria Bella Preston. The information charged that the said Wright did carnally know and abuse the person named, "but with the consent of her, the said Maria Bella Preston, she, the said Maria Bella Preston, then and there being a female child under the age of fifteen years," etc., "he, the said Grant Wright, then and there being a male person over the age of eighteen years," etc. There was a jury trial, which resulted in a verdict of guilty. The evidence, it is conceded, established the fact of the carnal knowledge, and also the ages of the prosecutrix and Wright, as charged in the information; but upon a motion

for a new trial the court set aside the verdict, upon the sole ground that the state offered no proof that the prosecutrix was a "child," although under the age of fifteen years. In other words that she had not arrived at the age of puberty.

The prosecution was under the provisions of section 12 of the criminal code, which is as follows : " If any person shall have carnal knowledge of any other woman, or female child, than his daughter or sister, as aforesaid, forcibly, and against her will ; or if any male person, of the age of eighteen years or upward, shall carnally know or abuse any female child under the age of fifteen years, with her consent, every such person so offending shall be deemed guilty of a rape, and shall be imprisoned in the penitentiary not more than twenty nor less than three years."

This section is an amendment of section 12 of the criminal code as it existed prior to the year 1887 ; the only difference between the section as it stood before and after the amendment being, that the age of consent was changed from "twelve" to "fifteen" years by the new act.

The theory of the district court, and of counsel representing the judge in this proceeding, is, that the word "child," as used in the section quoted, must be taken in the sense of limiting the application of the section to such females under the age of fifteen years as have not arrived at the age of puberty, and are therefore *children*. The definition of the word "childhood," when used in the abstract, according to Webster, includes the time intervening between birth and puberty; and it is no doubt true that such definition would have to be applied in many cases when used in the concrete. But we do not believe such definition should be adopted for the word " child," in the sense in which it is used in the section now under consideration. The common law fixed the age of consent at ten years, but with the provision that, in case it be shown that the female was so far developed physically and intellectually as to be able

to understand the consequences of the act, the limitation did not apply. It was purely a question of evidence—the presumption being against the prisoner, but such presumption being only *prima facie*. But by the statutes of most of the states that presumption is changed to a conclusive one, and under such statutes the defense is not permitted to offer, nor will the courts consider, any evidence upon that question. If the child is shown to be under the age of consent fixed by statute, no proof will be received to repel the presumption thus created. *People v. McDonald,* 9 Mich., 149. See also Cal. Crim. Law and Pr., Sec. 261, p. 99, and cases there cited.

If this is the correct principle to apply to such statutes, we are wholly unable to see why it should not be applied to the section now under consideration. If the legislature can declare that the presumption of force and the absence of consent shall be conclusive when the female is less than ten years of age, we fail to see how it can be said that it cannot provide that the same presumption shall exist to an equal degree when she is under fifteen years of age; or, for that matter, under any age below that declared to be the age necessary to consent to a marriage contract, which, in this state, is sixteen. Comp Stat., Sec. 2, Ch. 52. The section is equivalent to the declaration that, so far as the application of the section to such cases is concerned, all females under fifteen years of age are incapable of consenting to the criminal act, and, therefore, force and the want of consent are conclusively presumed.

It follows that the district court erred in sustaining the motion for a new trial.

JUDGMENT ACCORDINGLY.

THE other judges concur.