## WILLIAM HALL v. STATE OF NEBRASKA.

FILED MAY 2, 1894.  No. 6774.

1. An information for assault with intent to commit rape
need not allege either the age of the person upon whom the as-
sault was made, nor the age of the defendant, where it charges
that the act was committed forcibly and against the will of the
prosecutrix.

2. **Assault With Intent to Commit Rape**: INFORMATION.
In case it is not averred the act was done with force and against
the consent of the prosecutrix, it is essential the information
disclose that the person upon whom the offense was committed,
at the time of the assault, was under fifteen years of age, and
that the accused was of the age of eighteen years or over.

3. **Allegations in an information** which are immaterial and
unnecessary may be treated as surplusage, and be entirely
rejected.

4. ————: INSTRUCTIONS. In a prosecution for an assault with in-
tent to commit rape, under an information which charges an as-
sault by force and against the will of the female by a male
under eighteen years, it is error to instruct the jury that the de-
fendant is guilty of an assault with intent to commit rape,
whether the attempted intercourse was with or without the con-
sent of the prosecutrix and whether any force was used or not.

ERROR to the district court for Nemaha county.  Tried
below before BABCOCK, J.

*E. W. Thomas* and *G. W. Cornell*, for plaintiff in error.

*George H. Hastings, Attorney General*, for the state.

NORVAL, C. J.

Plaintiff in error was convicted of the crime of assault
with intent to commit a rape upon one Maggie Holthus, a
girl under the age of fifteen years.  The prisoner presented
a motion for a new trial, which was overruled.  Thereupon

he filed a motion in arrest of judgment, on the ground that the facts stated in the information upon which he was tried do not constitute a crime, which was likewise overruled.

It is insisted, in the first place, that the trial court erred in refusing to sustain the motion in arrest of judgment. The information, under which the conviction was had, omitting the verification, reads as follows:

"STATE OF NEBRASKA, } ss.
  NEMAHA COUNTY.       }

"Of the October term of the district court of Nemaha county, in the year 1893, A. J. Burnham, prosecuting attorney for said county of Nemaha, in the name and by the authority and on behalf of the state of Nebraska, information makes that William Hall, then and there being a male person and over the age of seventeen years, in the said county, and on the 14th day of September, A. D. 1893, in and upon one Maggie Holthus, a female under the age of fifteen years, did then and there violently, unlawfully, and feloniously beat and ill treat, with intent to injure her, the said Maggie Holthus, forcibly and against her will feloniously to ravish and carnally know; contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Nebraska.

"A. J. BURNHAM,
"County Attorney."

The information was framed under the fourteenth section of the Criminal Code, which enacts that "if any person should assault another with intent to commit a murder, rape, or robbery upon the person so assaulted, every person so offending shall be imprisoned in the penitentiary not more than fifteen nor less than two years." Section 12 of the same Code declares that "if any person shall have carnal knowledge of any other woman, or female child, than his daughter or sister, as aforesaid, forcibly and against her will; or if any male person, of the age of eighteen years or upwards,

shall carnally know or abuse any female child under the age of fifteen years, with her consent, every such person so offending shall be deemed guilty of a rape, and shall be imprisoned in the penitentiary not more than twenty nor less than three years." It is urged that the information is insufficient, because it fails to charge that the person committing the offense was of the age of eighteen years or upwards, but alleges that he was over seventeen years old. It will be observed that the section last above quoted enumerates two classes of facts, either of which constitutes a rape. By the first clause of the section it is a rape for a person to unlawfully have carnal knowledge of a woman or female child other than his daughter or sister, forcibly and against her will. By the last clause it is made a rape for a ma'e person of the age of eighteen years or upwards to unlawfully have carnal knowledge of a female child under fifteen years of age, with her consent. An information for the crime of rape under the second clause of the section must charge that the person upon whom the offense was committed as being a female child under fifteen years of age, and the accused as being a male person of the age of eighteen years or over; but where the unlawful intercourse is had forcibly and against the will of the complainant, the prosecution for the offense should be brought under the first part, or clause, of section 12 copied above, and in which case it is unnecessary that the information should disclose the age of the accused, or that of the prosecutrix; and the same rule obtains in framing an information for an assault with intent to commit rape. The facts constituting the attempt must be so stated in the information as to show that the crime of rape would have been committed had the purpose of the assaulting party been accomplished. Tested by these rules, it is obvious that the information is sufficient, even though it does not describe the accused as being over the age of eighteen years. The charge is not for attempting to have sexual intercourse with the prosecutrix with her consent,

but for unlawfully attempting so to do, "forcibly and against her will;" hence the age of the prosecutrix, as well as that of the accused, it was wholly unnecessary to allege, and that portion of the information describing the ages of the parties may be regarded as surplusage. The rule is that any allegation in an information which is not essential to constitute the offense, and which might have been omitted without affecting the charge against the accused, and without detriment to the information, may be treated as surplusage, and may be entirely rejected. (*Bowles v. State*, 7 O., 599; *Coleman v. State*, 2 Tex. Ct. App., 512; *Mayo v. State*, 7 Tex. Ct. App., 342.) The information at bar, after eliminating surplusage, so avers the constituents of the offense as to inform the defendant of the charge against him, and is therefore sufficient in substance. The motion in arrest of judgment was properly overruled.

The undisputed evidence shows that the accused was over thirty-one years old and that the complaining witness was under fifteen years of age. The state also introduced upon the trial, evidence tending to establish the material averments in the information. The court, at the request of the county attorney, gave this instruction:

"2. The court instructs the jury that by the laws of the state a female child under the age of fifteen years is incapable of giving legal consent to an act of sexual intercourse, so that every act of carnal connection with such a child will constitute the crime of rape, whether with or without the consent of such child; and in this case, if you believe from the evidence, beyond a reasonable doubt, that the defendant assaulted the said Maggie Holthus with intent to have sexual intercourse with her, as charged in the information, whether with or without her consent, and at the time she was under the age of fifteen years, then the defendant is guilty of an assault with the intent to commit a rape, and the jury should so find."

The court, on its own motion, gave the following instruction:

"2. You are instructed that by the laws of this state a female child under the age of fifteen years is incapable of giving legal consent to an act of sexual intercourse, so that every act of carnal connection will constitute the crime of rape, whether with or without the consent of such child; and in this case, if you believe from the evidence, beyond a reasonable doubt, that the defendant assaulted the prosecutrix with intent to commit rape, and that at the time she was under the age of fifteen years, then the defendant is guilty of an assault with intent to commit rape, irrespective of the question of force, and the jury should so find."

Each of these instructions were at the time excepted to, and their giving is assigned as error.

In *State v. Wright*, 25 Neb., 38, it was held that "the act of 1887 fixes the age of consent for a female child at fifteen years, and in effect declares that she is incapable of consenting to the act of sexual intercourse, and that such intercourse with her, when under that age, by a person over eighteen years of age, even with her consent, will constitute rape."

The first two points of the syllabus in *Davis v. State*, 31 Neb., 247, are as follows:

"1. An assault by a male person of the age of eighteen years or upwards, with intent to carnally know a female child under the age of fifteen years, is punishable in this state as an assault with intent to commit a rape.

"2. In a prosecution for an assault upon the person of a girl under the statutory age of consent, with intent to commit a rape, it is not necessary to allege and prove that the acts were done against her will. Whether she consented or resisted is immaterial."

It follows from the decisions from which the foregoing excerpts are taken that no force on the part of the defendant, or resistance on the part of the female, is essential to constitute the crime of rape, or of an assault with intent to commit that offense, when it is alleged and proved that

the female is under the statutory age of consent and the defendant is at least eighteen years old.   In drafting the instructions excepted to the averment in the information as to the age of the accused and that force was used must have been overlooked.   Had it charged that he was of the age of eighteen years or upwards, the instructions would still have been objectionable, inasmuch as they omitted a material element of the offense, namely, that the accused must be at least eighteen years old.   But, as we have seen, the information, after eliminating surplusage, charges an attempt to commit rape forcibly and against the will of the girl; hence the state, in order to entitle it to a conviction, was required to establish upon the trial by competent evidence, beyond a reasonable doubt, that the defendant assaulted the prosecutrix with intent, forcibly and against her will, to ravish her.   Both instructions were clearly wrong and prejudicial to the prisoner, when applied to the offense charged in the information, since they, in effect, told the jury that they might find him guilty whether the assault was committed with or without the consent of the prosecutrix, or whether any force was used or not.   For errors in giving the instructions the judgment below is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.