## WILLIAM HASE v. STATE OF NEBRASKA.

### FILED OCTOBER 5, 1905.    No. 14,105.

1. **A criminal information** must charge explicitly all that is essential to constitute the offense sought to be described.  Nothing can be interpolated therein, and its averments will not be aided by intendments.

2. **Information.** It is not necessary to charge the offense in the exact language of the statute, provided the words employed are equivalent in meaning to those contained therein.

3. **Surplusage.** Where words appear in an information which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential averments therein, they may be treated as surplusage, and be entirely rejected.

4. **Information: HOMICIDE.** By the application of the foregoing principles the information herein is found to be sufficient to charge the crime of assault with intent to commit a murder.

ERROR to the district court for Lancster county: ED-WARD P. HOLMES, JUDGE.  *Affirmed.*

*F. B. Righter* and *L. C. Burr,* for plaintiff in error.

*Norris Brown, Attorney General, W. T. Thompson, J. L. Caldwell, F. M. Tyrrell* and *C. E. Matson, contra.*

BARNES, J.

The plaintiff in error, William Hase, was convicted in the district court for Lancaster county of the crime of

assault with intent to commit murder. He was sentenced to the penitentiary for the term of three years, and now prosecutes error.

The only question presented for our consideration is whether the information on which he was tried was sufficient to charge the crime of which he was convicted. The charging part of the information reads as follows: "That William Hase, late of the county aforesaid, on the 2d day of October, A. D. 1904, in the county of Lancaster and state of Nebraska, aforesaid, then and there being, did unlawfully and feloniously in and upon one Frank Williams then and there unlawfully, feloniously, purposely and of deliberate and premeditated malice an assault with a dangerous and deadly weapon, to wit, a knife, held in the hand of him the said William Hase, then and there, with the intent of him the said William Hase, then and there and thereby, the said Frank Williams unlawfully, feloniously, purposely and maliciously to kill and murder." It is contended that there is no averment contained in the information describing the offense; that just after the word "malice" and before the words "an assault" the charging verb "make," or "did make," is omitted, and it is insisted that this renders the information defective in substance and insufficient to charge any offense what-ever. To support this contention, counsel cite *Smith v. State*, 21 Neb. 552; and *Schaffer v. State*, 22 Neb. 557, together with a number of authorities from other states. It is claimed that *Smith v. State* and *Schaffer v. State* cover the exact question involved in this inquiry, and support the contention of the accused. From an examination of those cases it appears that the question here under consideration did not arise in either of them. *Smith v. State* holds that an information must charge explicitly all that is essential to constitute the offense; that it cannot be aided by intendments, but must positively and explicitly state what the prisoner is called upon to answer; while in *Schaffer v. State* it was held that, where the purpose to kill is not averred by way of description of the

offense, the omission cannot be aided by intendment. That these propositions are sound there can be no doubt, but they fail to decide the point in controversy here. Counsel has also directed our attention to *State v. Halder*, 2 McCord (S. Car.), *377, 13 Am. Dec. 738. In that case the word "did" was not contained in the indictment at all, and it was held that such omission rendered it fatally defective. By referring to the charging part of the information in this case, which is quoted above, we find that the word "did" appears in its proper place, as follows: "Then and there being, *did* unlawfully, feloniously in and upon •one Frank Williams, then and there unlawfully, feloniously, purposely and of deliberate and premeditated malice an assault with a dangerous and deadly weapon, to wit." This charge, stripped of its qualifying words and reduced to its simplest form, is that William Hase did assault Frank Williams. It has been repeatedly held by this court that it is not necessary to use the exact language of the statute in describing an offense, but it is sufficient to use words of the same import and meaning; that in charging the commission of an offense in an indictment it is not necessary that the exact words of the statute be used, provided the words employed are equivalent in meaning to those contained in the statute. *Whitman v. State*, 17 Neb. 224; *Hodgkins v. State*, 36 Neb. 160. It seems clear that the words "did an assault" are equivalent to the expression that the accused made an assault, and that the information, without the addition or elimination of any words thereto or therefrom, is technically sufficient to charge the crime of which the accused was convicted and sentenced.

Again, if we treat the word "did," not as an independent verb but as an auxiliary to the verb "assault," then the information is sufficient. By treating the word "an," immediately preceding the word "assault," as surplusage, the information would then read: "That William Hase, late of the county aforesaid, on the 2d day of October, A. D. 1904, in the county of Lancaster and state of Nebraska,

aforesaid, then and there being, did unlawfully and feloniously in and upon one Frank Williams then and there unlawfully, feloniously, purposely and of deliberate and premeditated malice assault with a dangerous and deadly weapon," etc. Section 412 of the criminal code, among other things, provides: "No indictment shall be deemed invalid, nor shall the trial, judgment, or other proceedings be stayed, arrested, or in any manner affected * * * for any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime or person charged." In *State v. Kendall*, 38 Neb. 817, construing the above provision, we said:

"Where words appear in an information which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential averments, the state should, upon motion, be permitted to strike out such words."

In *Hall v. State*, 40 Neb. 320, it was said:

"Allegations in an information which are immaterial and unnecessary may be treated as surplusage and be entirely rejected."

It was further said in *Hurlburt v. State*, 52 Neb. 428:

"Averments in an information of matters which are immaterial, and not necessary ingredients of the offense charged, may be rejected as surplusage."

Again, by inserting the word "make" after the word "malice" and before the words "an assault," we would eliminate the question involved in this controversy. The rule, however, is well settled that nothing can be inserted in an information, but it is equally well settled that any matter which may be treated as surplusage can be stricken therefrom. So, striking out the word "an," there remains sufficient to clearly charge the crime of assault with intent to commit murder. While the information is carelessly and inartistically drawn, and we do not feel inclined to commend such criminal pleading, yet we hardly feel justified in holding that it is insufficient in form and substance to charge the accused with the offense of which he was convicted.

We have examined the cases cited by counsel for the accused, and find that they do not tend to shake either of the foregoing propositions, and we are therefore of opinion that the information is sufficient to sustain the conviction and sentence herein, and the judgment of the district court is therefore

AFFIRMED.