ANDERS KAUSGAARD, APPELLEE, V. MICHAEL ENDRES ET AL., APPELLANTS.

FILED FEBRUARY 16, 1934. No. 28778.

*Paul F. Good, Attorney General, Paul P. Chaney, Crossman, Munger & Barton* and *Lester L. Dunn,* for appellants.

*Burkett, Wilson, Brown & Van Kirk* and *Hanson & Hanson, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CHASE and ELDRED, District Judges.

GOSS, C. J.

Defendants appeal from a judgment for $1,000 against

them as damages to plaintiff for false arrest and imprisonment.

Plaintiff, a merchant in Bellevue, Sarpy county, sued Michael Endres, state sheriff, and his surety, Fidelity & Casualty Company of New York, Harold W. Hulfish, deputy state sheriff, and his surety, Massachusetts Bonding & Insurance Company, Karl Greiner, sheriff of Seward county, Louis M. Anderson, detective sergeant, and Edward T. Sledge, an officer of the Omaha police department. The petition contained four counts: For false arrest and imprisonment; for malicious prosecution; for libel and slander; and for conversion of personal property. The case went to the jury on the first count and the trial court dismissed the other three. From this order of dismissal the plaintiff did not appeal.

Plaintiff was arrested at his store in Bellevue, in Sarpy county. The officers suspected him of buying goods and merchandise that had been stolen. Articles claimed by them to be of that nature were found in the store. Upon his arrest he was taken to Omaha, in Douglas county, and held in the jail overnight and until about 10 o'clock; then he was taken to Papillion, county seat of Sarpy county, and held in jail there and on trips to find justices of the peace until late in the afternoon, when the magistrate discharged him; until he was discharged he was not allowed to talk to his attorney; afterwards he was informed against but, upon trial in the district court, he was acquitted and brought this action later.

The defendants assign error because the trial court permitted Dewey Hanson, one of the attorneys for plaintiff, over objections of defendants, to participate actively in the trial as such attorney after he had testified as to material matters on behalf of plaintiff. He was a witness for plaintiff on direct examination and testified at considerable length as to material matters in several of the issues involved and as to the treatment of plaintiff while under arrest and imprisonment. After this testimony Mr. Hanson continued to participate in the trial. He was

also a witness in rebuttal to impeach or contradict the testimony of Garrow, the convicted thief who robbed country stores and claimed to have sold the stolen goods to Kausgaard, as to a conversation in the penitentiary when Garrow was serving a sentence. He cooperated with his associate counsel, conducted examinations and made an argument to the jury. The trial court, while ruling against defendants in this procedure, in effect warned plaintiff as to its legality.

At least three times we have criticized the legal ethics of permitting one to act both as attorney and witness. In *Wilson v. Wilson,* 89 Neb. 749, a divorce action, a reversal was ordered upon other grounds, but the court agreed with appellee's criticism of defendant-appellant's counsel who, the court said, was her "corespondent, an important witness for defendant, and assumes principal charge of the cause of defendant on trial." In *Cox v. Kee,* 107 Neb. 587, this court said: "An attorney is a competent witness for his client, and he may properly testify to mere formal matters, such as to account for the possession of an exhibit, or the like. But if he testifies generally, it is unbecoming for him to examine witnesses, or to address the jury." *In re Estate of Bayer,* 116 Neb. 670, we repeated what we had said in the *Cox* case and quoted from American Bar Ass'n Canons of Ethics (1926) 142, sec. 18, as follows: "When an attorney is a witness for his client except as to formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the cause to other counsel. Except when essential to the ends of justice, an attorney should scrupulously avoid testifying in court in behalf of his client."

The attorney ought not to have participated in the trial after he considered it necessary to present himself as a witness. The court ought not to have permitted it over objections of defendants. Its tendency was to prejudice the rights of defendants, particularly when the attorney argued the case to the jury. While the argument was not

preserved and the brief on behalf of plaintiff says Mr. Hanson did not there discuss his own testimony, nevertheless, if, as a witness, he made a good impression upon the jury, it would be difficult for them to separate what he said as an advocate from what he said as a witness. The presentation of his client's cause to the court and jury did not demand his personal attention. Able and experienced counsel were associated with him, who would have carried on the battle after he was disqualified for action. We are of the opinion this constituted prejudicial error, for which the judgment ought to be reversed.

Defendant officers complain of the refusal of the court to submit a requested instruction relating to liability for alleged cruel and harsh treatment of plaintiff while being arrested and detained. The first sentence of the instruction states the law when it gives the officers the right to use necessary force to safely keep plaintiff. But the second sentence was objectionable in that, by ambiguity, it gave the jury the right, if they found unnecessary force used, to decide the whole case upon liability for that alone. It said: "Then the defendants would be liable to the plaintiff for any injury or damage suffered by the plaintiff by reason alone and rising solely out of the use of such excessive force or violence wantonly or excessively inflicted." Other issues were involved in the case. The instruction was too broad and was properly refused.

The defendant officers assign that the tenth instruction given by the court was erroneous. This submitted to the jury whether there was an unreasonable delay between the arrest of plaintiff one afternoon and taking him before a magistrate on the afternoon of the next day. There was no conflict in the evidence as to the time. This was erroneous.

"In an action for false imprisonment against an officer for arresting without a warrant, the reasonableness of plaintiff's detention is a question for the court, where there is no conflict in the evidence as to the length of time and the circumstances under which the plaintiff was

held. Where the facts are in dispute, it is for the jury to determine as to the reasonableness of the detention, under proper instructions by the court." *Diers v. Mallon,* 46 Neb. 121. See 25 C. J. 550; *Keefe v. Hart,* 213 Mass. 476; *Oxford v. Berry,* 204 Mich. 197. On another trial, if there be no conflict in the evidence as to the length of time of detention, this matter should be decided by the court as a matter of law.

The surety companies place reliance upon the proposition that a surety cannot be held for the acts of a state sheriff and his deputy when committed merely under color of office, rather than by virtue of their office, and cite authorities thereon. We do not find it necessary to discuss this point further than to say that, in our opinion, under the pleadings and the evidence, the acts of the officers, in investigating the dealings of plaintiff and the arrest of plaintiff, came within the official jurisdiction of these state officers and were done by virtue of their offices. Whether they committed a wrong and, in so doing, damaged the plaintiff is the controversy here.

The judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED.