JOHN PRICHARD V. STATE OF NEBRASKA.

282 N. W. 529

FILED DECEMBER 9, 1938. No. 30478.

*Joseph E. Marsh* and *George W. Leamer,* for plaintiff in error.

*Richard C. Hunter, Attorney General,* and *Harry S. Grimminger, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

Plaintiff in error (hereinafter designated as defendant) was informed against under section 28-409, Comp. St. 1929, on two counts, for assault with intent to commit rape, found guilty on both counts by the verdict of a jury, and sentenced to the state penitentiary for a period of two years on each count, the sentences to run concurrently. He brings error to this court for a review of his conviction.

The prosecutrix, Thelma Babcock, 13 years of age, who had reached the fourth grade in the public schools, living with her father in South Sioux City, Nebraska, had known the defendant, John Prichard, for some years, he having been an occasional visitor in her home. On July 4, 1937, the defendant, a blacksmith of Hornick, Iowa, and a man 69 years of age, came to South Sioux City to pay the Babcocks a visit. During the course of the morning he had gone with Thelma to the park in town, where some ice cream and popcorn had been purchased and where he had given her 50 cents. She testified that at about the noon hour, in her home, the defendant made advances towards her, removed a part of her clothing, laid her on a mattress on the floor in the southwest corner of the room, and sought to consummate the act of intercourse. The purported corroborating testimony of the prosecutrix was that of the witness, Annie Perkins, who stated that she passed the front door of Thelma's home at about noon, not stopping, and saw the defendant with Thelma on a bed; that she was a foot from the front door which was open, or three steps from the door. She testified specifically that she saw the defendant and the prosecutrix together on the bed. Thelma testified that the bed was in the southeast corner of the room. Annie Perkins further testified that she went over to the home of a neighbor, passing Thelma's home, at

8 or 9 o'clock in the morning, and again testified that it was early in the morning. She told some one at the neighbor's house to inform Thelma's father. He came home immediately, but nothing was said by him about the matter; nor was he called as a witness. The foregoing constitutes the pertinent facts relating to the first count, as charged in the information.

The second offense was alleged to have taken place on December 27, 1937, in the Babcock home, at or about the noon hour, and at that time defendant had made arrangements to board and room at the Babcock home, paying one-third of the household expenses and giving Thelma's father the use of his automobile. Mildred Davenport, a girl 16 to 18 years of age, had come to the Babcock home one week before Christmas and remained for about a week thereafter. She was the housekeeper and prepared the meals, and did the housework, receiving therefor a wage of $2 a week. On the day in question, she testified, the defendant unrolled a mattress, placed it on the floor, directed Thelma to lie down, removed a certain portion of her clothing, and sought to perform the act of intercourse; they stayed on the mattress for 20 minutes. There is a discrepancy in the evidence as to just what Mildred was doing at the time, Thelma stating that she was reading and was told by the defendant not to look that way, and the witness stating that she was eating when it started and later when it was finished she was washing the dishes. She further testified that on several occasions she had seen defendant do the same thing; that she hesitated to tell Thelma's father about the matter, and about two weeks later told the facts to a neighbor, who was a friend of the Babcock family, and also told Thelma's father. The charge against the defendant was filed January 15, 1938.

There is in the record the testimony of a physician, Dr. C. W. Neill, a witness for the state, not called in the state's behalf, but called by the defense. He testified for defendant, stating that he examined Thelma on February 11, 1938. His testimony follows: "Q. Just state to the jury what your

examination revealed. A. External examination showed the external genital parts of a child about twelve years old, perfectly normal in appearance; and, on examination, with an intact hymen. Microscopically the examination showed the normal germs that appear in the vagina, with no diseased condition. Q. In other words, it showed it had not been penetrated? A. I think so; yes." On cross-examination he testified: "Q. In other words, similar to the organ of a normal child of about that age? A. Yes. Q. And you from your examination couldn't tell whether there had been any attempt to insert such an organ? A. Apparently not, because there would have been some tear there if there had been much of an attempt. The hymen is a very fine, thin, friable membrane, and wouldn't take much to rupture. Q. You wouldn't know from your examination whether there could have been some attempt? A. I don't think so."

In the case of *Larson v. State*, 110 Neb. 620, 194 N. W. 684, the court said: "If complainant was abused, as charged in the information, it is reasonable to believe that a physical examination, of a person of her age, would have afforded some corroborative evidence of the charge of mistreatment, though it would not, of course, be conclusive against the person charged without other corroboration."

In view of the testimony of the physician, as above set out, and evidence that defendant had laid hands on the prosecutrix, and that she had resisted him, and considering the numerous times, according to the testimony, that defendant assaulted prosecutrix with the intent to commit rape, if such acts had been committed, there would have been some instances of torn clothing or some marks on the body of the prosecutrix.

An analysis of the evidence shows that the prosecutrix was of limited mentality, and by leading questions she was permitted to testify to the offenses as charged against the defendant. Her testimony contained many discrepancies and inconsistencies and was far from being stated with that degree of continuity that might be expected in cases of this nature, in view of the leniency in the admissibility

of evidence, as shown by the record. The testimony of Annie Perkins as a corroborating witness to the first offense, as charged, on July 4, has been hereinbefore set out and analyzed. The testimony of Mildred Davenport, relating to the offense, as charged, on December 27, is not entitled to serious consideration, in view of all the other circumstances, and especially in view of the testimony of Doctor Neill and the indefinite testimony of the prosecutrix. The witness Davenport made no attempt to protect this child, when the mattress was being unrolled and placed on the floor so that the defendant might assault Thelma, with intent to rape her. This witness was in charge as the housekeeper. On the several occasions on which the defendant, the witness stated, acted in the same manner towards Thelma, not one word of complaint came from her lips. There is nothing in the record to show that she was in fear, nor was she threatened, and there was, apparently, no reason or excuse, if the defendant did so conduct himself in the manner as charged, why this witness should have remained silent. There had been trouble between Thelma's father and the defendant over a board bill. This witness knew the exact amount of the bill and of the trouble between the two men. Her evidence, in its entirety, is insufficient in corroborating the evidence of the prosecutrix, as proof, beyond a reasonable doubt, that the defendant assaulted Thelma with intent to rape her.

At the conclusion of the evidence, the defendant moved to dismiss counts 1 and 2 of the information, on the ground that the offense was not proved beyond a reasonable doubt, and for the further reason that there was no corroboration of the prosecutrix. This motion was overruled, which necessarily requires a review and an analysis of the evidence which we have heretofore set out.

The state relies on the case of *Fager v. State*, 22 Neb. 332, 35 N. W. 195, wherein it was held: "In a prosecution for rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense.

It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn."

The above statement of the law has been indorsed by this court consistently in other decisions, and is cited with approval in the case of *Beer v. State,* 129 Neb. 366, 261 N. W. 824. In the latter case, in the body of the opinion, the court, at page 369, discussed an instruction, given by the trial court, "that, if one with the power of copulation 'touches or handles, or takes hold of the person of a female under the age of consent with the present intention of having sexual intercourse with her then and there, he commits the offense of assault with intent to rape.'" The foregoing is a proper pronouncement of the law in this respect.

In 52 C. J. 1104, it is said that the word "corroboration" means "testimony of some substantial fact or circumstance independent of the statement of the prosecutrix." "The corroborative evidence must be something more than a mere colorable support. It is sufficient if the corroborating evidence tends to strengthen and corroborate the prosecutrix in connecting defendant with the commission of the offense, and there is a failure to corroborate the prosecutrix if there is no evidence legitimately having that effect."

In *Boling v. State,* 91 Neb. 599, 136 N. W. 1078, this court held: "'In a prosecution for the crime commonly called statutory rape, where the prosecuting witness testifies positively to the facts constituting the crime, and the defendant as positively and explicitly denies her statements, her testimony must be corroborated by facts and circumstances established by other competent evidence in order to sustain a conviction.' *Mott v. State,* 83 Neb. 226."

In the early case of *Krum v. State,* 19 Neb. 728, 28 N. W. 278, this court held: "To warrant a conviction in such case (of assault with intent to commit rape), the circumstances when taken together must be of so conclusive a nature as to show the intent beyond a reasonable doubt."

In the case at bar, the evidence is not of such a conclusive nature as to show the intent, on the part of this defendant, beyond a reasonable doubt, as required by the law of this state.

Public sentiment seems inclined to believe a man guilty of any illicit sexual offense with which he may be charged, and it seems to matter little what his previous reputation has been. This natural tendency may be due to the fact that, where a female child is involved and a man is charged with unlawful interference with her, by necessity, it casts odium upon the child, as well as charging the defendant with a felony. Be this as it may, where an assault with intent to commit rape is charged, the law requires that the testimony of the prosecutrix must be corroborated by facts and circumstances established by other competent evidence, in order to constitute conviction. See *Roberts v. State,* 106 Neb. 362, 183 N. W. 555. We do not believe that Thelma Babcock's testimony has been corroborated in this instance.

In *Larson v. State, supra,* this court held:

"Opportunity alone, to commit the crime of rape, is not corroboration of the evidence of the complainant.

"While we recognize the rule that the jury are the judges of questions of fact, we do not hesitate to set aside a verdict where the evidence is clearly insufficient to sustain it. And this is of particular importance in a case involving the question of liberty."

Upon a review of the entire record, we conclude that the verdict is not supported by the evidence, and that the motion of defendant made at the conclusion of the evidence should have been sustained.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

ROSE, J., dissenting.

The prosecution in this case wherein defendant, an unmarried man 69 years of age, was convicted of assault with intent to commit rape upon prosecutrix, a female child 13

years of age, is not triable *de novo* in the proceeding in error to review the conviction.

There was direct and positive evidence of defendant's guilt. The jurors composed the tribunal appointed by law to determine whether the witnesses for the state told the truth. The credibility of the witnesses was a question for the jury. They found that the witnesses for the state told the truth and they disbelieved the witnesses who testified to a different story. The trial court sustained the verdict. The jury and the trial court heard the witnesses and observed them as they testified. They had better opportunities than the reviewing court for determining credibility. If the signatures of falsehoods were written in the countenances of witnesses who testified for defendant, the appellate court is not thus enlightened by the record. The circumstances do not convince me that the state failed to prove the guilt of defendant beyond a reasonable doubt. In my opinion the province of the jury is invaded by the decision which gives credence to the testimony of witnesses for defendant and rejects as false evidence of guilt.

My understanding of the law is that, in absence of legislation, the adoption of the rule that corroboration of prosecutrix is necessary to a conviction for assault with intent to commit rape is a usurpation of power exercised only in Nebraska and New Mexico. The power to review criminal prosecutions and convictions comes from three sources—Constitution, legislation and common law. In no one of these is a Nebraska court empowered to make corroboration of prosecutrix necessary to a conviction for assault with intent to commit rape. On this subject I adhere to my dissent in *Gammel v. State,* 101 Neb. 532, 540, 163 N. W. 854. If corroboration could lawfully be required, however, it is abundant in the record as I view it.