MARVIN FRANK, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

35 N. W. 2d 816

Filed February 11, 1949. No. 32432.

746

*Frank J. Reed*, for plaintiff in error.

*Walter R. Johnson*, Attorney General and *Leslie Boslaugh*, for defendant in error.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

An information filed in the district court for Kimball County charged in substance that on or about April 21, 1947, in said county, defendant, "a male person of the age of eighteen years and upwards," did feloniously assault Clara Buddecke, "a female child of the age of seventeen years," with the intent to commit rape upon her, which acts of defendant were contrary to the form of the statutes made and provided, and against the peace and dignity of the State of Nebraska. Upon defendant's plea of not guilty thereto, a jury found him guilty. His motion for new trial was overruled, and on December 27, 1947, he was sentenced to imprisonment in the State

Reformatory for Men at Lincoln for a period of five years from that date.

Thereupon, defendant prosecuted error to this court, assigning many errors, but, since the judgment is reversed and the cause remanded, only the following contentions require discussion and decision, to wit: (1) That it was prejudicial error to allege the age of defendant and the age of prosecutrix in the information and include the same verbatim in instruction No. 2 given by the trial court; (2) that the trial court erred in permitting the county attorney to sit at the counsel table and participate in trial of the case before and after he had taken the witness stand as a witness for the state, and erred in sustaining the state's objections to defendant's evidence and offer to prove that the county attorney, after testifying, resumed his seat at the counsel table and continued to participate in the action as prosecuting attorney; (3) erred in the rejection of certain evidence offered by defendant; (4) erred in giving instructions Nos. 6, 9, and 10; and (5) that the state's evidence was insufficient to sustain the verdict and judgment. We conclude that the foregoing third and fourth contentions, and the last part of the second contention, should be sustained.

The material allegations of the information were in the equivalent words of section 28-409, R. S. 1943, and thus amply sufficient to charge the crime of assault with intent to commit rape. Defendant did not contend otherwise either in brief or argument, but rather with reference to the first contention argued that setting forth the respective ages of the prosecutrix and defendant therein and copying the information verbatim in instruction No. 2 given by the trial court, was prejudicial error. We cannot so hold.

It will be noted that in the prosecution of cases wherein assault with intent to commit rape is pleaded, sections 28-408 and 28-409, R. S. 1943, must be considered as in pari materia. Davis v. State, 31 Neb. 247, 47 N. W.

854; Hall v. State, 40 Neb. 320, 58 N. W. 929; Liebscher v. State, 69 Neb. 395, 95 N. W. 870, 5 Ann. Cas. 351.

Viewed in that light, the information herein did not allege that prosecutrix was previously chaste as required in such cases, although it alleged that she was but seventeen years of age. Hubert v. State, 74 Neb. 220, 104 N. W. 276, adhered to on rehearing, 74 Neb. 226, 106 N. W. 774.

In such a situation, the state was required to prove beyond a reasonable doubt that defendant committed an assault upon prosecutrix with the intent to commit a rape upon her by force, without consent, and notwithstanding her resistance. Defendant was thus given the benefit of the defense of consent and want of resistance. It will be readily observed, then, that the allegations of age in the information were at most mere surplusage which could not have been prejudicial to defendant but rather beneficial to him.

It was held in Hase v. State, 74 Neb. 493, 105 N. W. 253: "Where words appear in an information which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential averments therein, they may be treated as surplusage, and be entirely rejected." See, also, sections 29-1501 and 29-1604, R. S. 1943.

In Kirchman v. State, 122 Neb. 624, 241 N. W. 100, it was held: "The defendant, in a felony case, should find in the indictment (or information) a plain and concise statement of the charge against him. Yet all such necessary details may be set out therein, if without prejudice to the substantial rights of the defendant, as will enable the court to pass upon the question of whether it is sufficient to charge a criminal offense, and, on the other hand, be sufficient to inform the defendant of all such facts as will clearly identify the entire transaction for which he is held to answer.

"It is the better practice in a criminal case for the trial court to charge the jury, in concise and informal

language, as to the material facts which must be proved beyond a reasonable doubt to authorize a conviction, rather than to copy the information or indictment into its instructions."

Our conclusion is that while it is the better practice not to copy the information verbatim in the instructions, it is not reversible error to do so unless the information contains some allegation prejudicial to defendant. Under the circumstances here, we fail to see how either the information or instruction No. 2 could have been prejudicial to defendant. Both prosecutrix and defendant appeared at the trial and testified in open court regarding their respective ages, which also were apparent to the jurors who saw them and heard them testify. Discussion of a related situation will be found in Harris v. State, 80 Neb. 195, 114 N. W. 168.

Upon suggestion of the county attorney made in open court two days before the trial, a special prosecutor was appointed by the court to represent the state, as provided by statute. Thereafter, over objection of defendant, the county attorney's name was endorsed upon the information as a witness for the state. As disclosed by the court's journal entry, the county attorney took no part in the trial except as a witness and the special prosecutor alone appeared as counsel for the state during the trial. The record discloses that he alone examined all witnesses and made the opening and closing arguments to the jury. Concededly, the county attorney examined no witnesses and made no argument.

The record does not disclose that defendant ever objected to the competency of the county attorney as a witness. With reference to the second contention, defendant simply argued that it was prejudicial error for the trial court to permit the county attorney to sit at the counsel table and participate in the trial, and to sustain the state's objections to defendant's evidence and offer to prove what the county attorney did in that connection.

As a matter of course, an attorney participates in a

trial when he in some manner actively takes part in and conducts the same as an attorney. Roberts v. State, 100 Neb. 199, 158 N. W. 930, Ann. Cas. 1917E 1040, is authority for the proposition that it is improper in a criminal prosecution to allow one who testifies as a witness to the principal facts in the case to also as attorney conduct the trial in the examination of witnesses and argument to the jury, or to conduct himself in any manner inconsistent with his position as a witness or his interest as an officer of the state. In other words, although a competent witness, his function as a prosecuting attorney and as a witness must be disassociated. Therefore, if it is discovered before the trial that he is a necessary witness he should withdraw from any active participation as attorney for the state and have other counsel prosecute the case. See, 58 Am. Jur., Witnesses, § 155, p. 111; 28 R. C. L., Witnesses, § 57, p. 469; and Annotation, 149 A. L. R., p. 1305, authoritatively citing Roberts v. State, *supra;* State v. Ryan, 137 Kan. 733, 22 P. 2d 418; Zeidler v. State, 189 Wis. 44, 206 N. W. 872; McCormick v. McCormick, *ante* p. 192, 33 N. W. 2d 543, and Kausgaard v. Endres, 126 Neb. 129, 252 N. W. 810. The two last cited cases were civil in character, but as stated in Zeidler v. State, *supra,* "If such practice is to be discouraged in a civil case, certainly it is to be deplored in a criminal case."

A county attorney, being a quasi-judicial public officer, in whom the public has reposed confidence, his evidence is ordinarily given greater weight than that of an ordinary witness, and the natural tendency in such cases is for defendant to question the fairness of a trial when he becomes a witness for the state. Therefore, he should, when that becomes necessary, so conduct himself as to foster and demonstrate the fact that he is not actively participating as a prosecutor, but only as a witness, truthfully and impartially giving competent testimony.

Since, as hereinafter observed, the judgment is reversed for other reasons, it should be said the record

discloses that the county attorney in fact recognized his disqualification, and at his suggestion had a special prosecutor appointed to represent the state. The most that could be gleaned from the record now before us was that he sat at the counsel table with the special prosecutor and assisted him in the preparation and details of the trial as any other witness or interested officer of the state would have a right to do. As held in Roberts v. State, *supra,* that alone would not require reversal if in doing so he conducted himself in a manner consistent with his position as a witness or his interest as an officer of the state. It logically follows, however, that if in doing so he otherwise conducted himself in a manner inconsistent with such position, it would be prejudicial error, and although primarily a question for the trial court to decide, defendant would have a right by competent evidence to appropriately have the record disclose the facts and circumstances relating thereto which the trial court herein erroneously refused to permit.

In the third contention, defendant complained that the trial court confined evidence adduced in defendant's behalf to the general reputation of the prosecutrix for morality and erroneously sustained defendant's objection to and overruled defendant's offer to prove by direct evidence specific unchaste or immoral acts and conduct by her with others, thus precluding him from adducing such evidence relating to the immoral character of prosecutrix.

In an appraisal of our conclusions in this opinion, it must be remembered at all times that this case was one to be tried and one which was tried as if prosecutrix had reached the age of consent.

In that connection, in Redmon v. State, *ante* p. 62, 33 N. W. 2d 349, this court recently concluded that in cases wherein a woman charges a man with a sex offense, immorality has a direct connection with veracity, and that direct evidence of the general reputation of the prosecutrix for sexual morality may be shown by defend-

ant, who is not restricted to proof of general reputation of the witness for truth and veracity.

Therein, it was also concluded not only that cross-examination of the prosecutrix should be as unrestrained and searching as is consistent with rules of law, but that it was also prejudicial error to exclude any direct competent evidence not too remote in time, showing specific immoral or unchaste acts and conduct by her with others, not only for the purpose of being considered by the jury in deciding the weight and credibility of her testimony generally, but for the purpose of inferring the probability of consent and discrediting her testimony relating to force or violence used by defendant in accomplishing his purpose and her claimed resistance thereto. See, also, State v. Wood, 59 Ariz. 48, 122 P. 2d 416, 140 A. L. R. 361, and annotations p. 364; 3 Wigmore on Evidence (3d ed.), § 924a, p. 459, § 979, p. 537. Concededly, there is authority to the contrary, but the foregoing is the modern realist rule, and we deem it the better one.

We conclude that not only the exclusion of such evidence was prejudicial error, but that also instruction No. 6 given by the trial court relating thereto, was prejudicially erroneous in that it did not correctly state the rule.

At this point it should be said that instruction No. 6 also told the jury in part: "In order to find that any efforts of the defendant toward holding sexual intercourse with said Clara Buddecke was against the will of said Clara Buddecke, you must believe from the evidence that said Clara Buddecke offered such resistance to such efforts as you believe seemed reasonable to her under all the circumstances shown in the evidence, including that of her belief as to what success such resistance might reasonably bring about toward causing the defendant to cease such efforts." The foregoing statement was also prejudicially erroneous in that it did not correctly state the rule.

With reference thereto, the nature of the offense charged becomes paramount. Two essential elements

must always co-exist to constitute the crime of assault with intent to rape. They are an assault, and an intent to commit the act charged.

The intent of accused in cases like that at bar must be to have intercourse with prosecutrix by force, without consent, and notwithstanding her resistance, and without such an intent there can be no assault with intent to commit rape.

In other words, it must appear that defendant had the intent and purpose not only to have intercourse with prosecutrix but he must also have intended to use whatever degree of force would be necessary to overcome her resistance and accomplish his objective. Such intent is to be determined from all the facts and circumstances which, taken together, must be of so conclusive a nature as to establish that element beyond a reasonable doubt.

Further, intent alone is not enough. Coupled therewith must be likewise established an effort by accused to carry out or accomplish such intended purpose by the execution of an overt act amounting to an assault upon prosecutrix, i. e., an attempt with force and violence to overcome her resistance. Thus force by accused, as distinguished from mere preparations, requests, and solicitations which are insufficient, and appropriate resistance thereto by prosecutrix in cases wherein consent is an issue, are essential constituent parts of the offense. Therefore, consent or failure to resist when opportunity appears is an absolute defense in all such cases, and the jury should be so instructed.

Resistance by prosecutrix must be in good faith, to the utmost or limit of her ability, with the most vehement exercise of every physical means or faculty naturally within her power to prevent carnal knowledge, and she must persist in such resistance as long as she has the power to do so. In other words, an assault with intent to commit rape includes every essential element of the crime of rape, except the actual accomplishment of that crime, but as a matter of course, if the crime of rape is

accomplished, it includes the lesser offense of assault with intent to commit rape.

The foregoing propositions are discussed at length and authoritatively supported by 44 Am. Jur., Rape, §§ 21 and 22, p. 915, §§ 24 and 25, p. 917; 52 C. J., Rape, § 35, p. 1026, § 40, p. 1028, § 42, p. 1030, §§ 43 and 44, p. 1031; Garrison v. The People, 6 Neb. 274; Krum v. State, 19 Neb. 728, 28 N. W. 278; Johnson v. State, 27 Neb. 687, 43 N. W. 425; Skinner v. State, 28 Neb. 814, 45 N. W. 53; Davis v. State, *supra;* Hall v. State, *supra;* Dunn v. State, 58 Neb. 807, 79 N. W. 719; Liebscher v. State, *supra.*

We turn then to the fourth contention involving given instruction No. 9, relating to the necessity and character of corroboration, and instruction No. 10, relating to credibility. In Prichard v. State, 135 Neb. 522, 282 N. W. 529, it was said: "Be this as it may, where an assault with intent to commit rape is charged, the law requires that the testimony of the prosecutrix must be corroborated by facts and circumstances established by other competent evidence, in order to constitute conviction. See Roberts v. State, 106 Neb. 362, 183 N. W. 555."

It has long been the rule in this jurisdiction that: "Where, in a prosecution for assault with intent to commit rape, prosecutrix testifies unequivocally to facts which would constitute the offense, a sufficient corroboration is shown if opportunity and inclination, on the part of the defendant, to commit the offense are shown, and the circumstances proved by other witnesses tend to corroborate the testimony of prosecutrix." Aller v. State, 114 Neb. 59, 205 N. W. 939. See, also, Lewis v. State, 115 Neb. 659, 214 N. W. 302.

The trial court in instruction No. 9, after stating the rule regarding the necessity and character of corroboration, said: "Direct testimony of a witness other than the prosecutrix, to the effect that the act charged was committed, is sufficient corroboration."

The foregoing statement, while correct in principle, had no application under the evidence adduced and

thereby misled the jury by erroneously assuming that there was such comprehensive testimony in the record. Therefore, inclusion of that sentence in the instruction was prejudicially erroneous.

Instruction No. 10 given by the trial court, relating to credibility of the witnesses, included the statement: "You have no right to reject the testimony of any of the witnesses without good reason, and you should not do so unless you find it irreconcilable with other testimony which you may find to be true."

A similar statement was recently held to be prejudicially erroneous in Wilson v. State, *ante* p. 436, 34 N. W. 2d 880, wherein it was held: "In jury cases juries are the judges of the credibility of witnesses and of the weight to be given their testimony and, within their province, they have the right to credit or reject the whole or any part of the testimony of a witness in the exercise of their judgment.

"An instruction in a criminal case the effect of which is to infringe upon the right of a jury as the judge of the credibility of witnesses and the weight to be given their testimony is an invasion and an abridgment of a substantial right of the defendant."

While the circumstances herein relating to the purported application of the instruction are not identical with those in the foregoing case, the basic rules promulgated therein are applicable here and the quoted qualification being erroneous, should not have been included in the instruction, because, when applied to the state's witnesses, the rule imposed a burden upon defendant which he was not required to assume.

Defendant in the fifth contention questioned the sufficiency of the state's evidence to sustain the verdict and judgment. In that connection, we have examined the record, and without specifically reciting its sordid details, decide that there was competent evidence from which the jury could have reasonably concluded: That three young men, including defendant, in conformity

with a preconceived plan, accosted prosecutrix at 10:30 p. m. on a side street, forced her into a car, and drove rapidly away to a city park. There they manhandled her, removed some of her underclothing, forced her out of the car, and pulled her over to a haystack nearby. Another car then entered the park some distance away so, deciding that it was not a safe or proper place, they put prosecutrix back in the car, and drove out into the country and down a lane, across a wheat field into a ravine. There they forced her out of the car, threw her to the ground, and while two of the young men held her the other assaulted her, completing an act of intercourse by force and against her will, thereafter he and another held her while a second one likewise assaulted her, and completed the sexual act, after which he assisted in holding her while the third attempted the act but was unable to do so. They then put her in the car and drove back to town, letting her out a half block from her home.

At home the mother and sister noticed the condition of her clothing, whereupon she was questioned and tearfully told substantially the foregoing story to them. Her coat was littered with hay, the shoulder straps were torn from her clothing, the buttons were torn from her blouse, and there was blood on her slip and blouse.

Two of the young men, this defendant and Roger Swanson, later made admissions to the county attorney to the effect that the foregoing were substantially the facts. The third young man, Gerald Donoghue, who was unable to complete the act, was the first to talk with the county attorney, and at the trial testified as a witness for the state. However, it should be said that his testimony relating to force, resistance, and consent, was generally favorable to defendant.

The defendant and Roger Swanson admitted the sexual acts but denied that any force was used by any one at any time, or that proxecutrix resisted, contending that she consented thereto. They also denied that admissions

were made by them in the manner as testified by the county attorney.

In the light of the foregoing, we are required to apply the well-known rule that: " 'Where the evidence in a criminal case is acutely conflicting, and from its consideration different minds may reasonably arrive at different conclusions, the weight to be given thereto is a question for the jury.' " Luster v. State, 142 Neb. 253, 5 N. W. 2d 705.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is reversed and the cause is remanded.

REVERSED AND REMANDED.

PAINE, J., not participating.

SIMMONS, C. J., dissenting.

I concur in the court's judgment of reversal. I would go further and dismiss as we did in the recent cases of Whomble v. State, 143 Neb. 667, 10 N. W. 2d 627; Cascio v. State, 147 Neb. 1075, 25 N. W. 2d 897; and Selvage v. State, 148 Neb. 409, 27 N. W. 2d 636.

I trust we have not yet reached the point in our criminal law where it is necessary only to accuse in order to convict. This defendant may or may not have been guilty of some offense against the laws of this state. As I see it, the evidence of the state falls far short of meeting the tests or establishing the elements of the crime charged. This dissent goes to defendant's contention that the evidence of the state is insufficient to support a verdict of guilty. This question was raised at the end of the state's case-in-chief and at the close of all the evidence.

I accept the statement of the law as made by the court that "Force by accused, as distinguished from mere preparations, requests, and solicitations which are insufficient, and appropriate resistance thereto by prosecutrix, in cases wherein consent is an issue, are essential constituent parts of the offense, therefore consent or failure to resist when opportunity appears is an absolute

defense in such cases and the jury should be so instructed" and "Resistance by prosecutrix must be in good faith, to the utmost or limit of her ability, with the most vehement exercise of every physical means or faculty naturally within her power to prevent carnal knowledge, and she must persist in such resistance as long as she has the power to do so."

The complaint is based upon section 28-409, R. S. 1943, providing that "Whoever assaults another with intent to commit a murder, rape, sodomy or robbery upon the person so assaulted, shall be imprisoned in the penitentiary not more than fifteen nor less than two years."

By the provisions of section 28-408, R. S. 1943, rape is defined as follows: "Whoever shall have carnal knowledge of any other woman, or female child, than his daughter or sister, as aforesaid, forcibly and against her will; * * * shall be deemed guilty of rape, * * *."

Under this charge the state was required to establish by competent evidence beyond a reasonable doubt that the defendant assaulted the prosecutrix with intent, forcibly and against her will, to rape her. Hall v. State, 40 Neb. 320, 58 N. W. 929; Garrison v. The People, 6 Neb. 274. Willingness or lack of it is a condition or state of mind. Consent is an evidence of willingness. Resistance is an evidence of unwillingness. State v. Schwab, 109 Ohio St. 532, 143 N. E. 29. The resistance must not be a pretense but must be in good faith and real. Rahke v. State, 168 Ind. 615, 81 N. E. 584. See, also, Selvage v. State, *supra.*

As to available means to a female of resistance we have said that nature has given her hands and feet with which she can strike and kick, teeth to bite, and a voice to cry out. Oleson v. The State, 11 Neb. 276, 9 N. W. 38, 38 Am. R. 366.

The failure to make outcry where others are in the vicinity and outcry would have been available should be considered in determining the question of consent or

nonconsent. People v. Rich, 237 Mich. 481, 212 N. W. 105.

In Cascio v. State, *supra,* we held: "In determining the sufficiency of the evidence in the case at bar, *we are required to observe the rule that mere general conclusions of the prosecutrix, without relating the very threats and acts justifying submission because of fear or constituting the required actual force and resistance, are of themselves insufficient to sustain a conviction of the accused,"* and "* * * it must be the rule in such cases that where the testimony of the prosecutrix as to the particular acts allegedly constituting the offense may all be true and still the act not have been against her will, *or if her testimony in that regard is so inconsistent, contradictory, improbable, or incredible as to be self-destructive, and the corroborating evidence is of a doubtful character or wholly lacking in probative force or value,* a judgment of conviction will be set aside for want of sufficient evidence to sustain it."

In the Whomble, Cascio, and Selvage cases we held the evidence insufficient to sustain a conviction and dismissed the action. The evidence in this case is even less sufficient than the evidence in those cases.

The testimony of the prosecutrix here consists largely of "mere general conclusions" and is not a statement of the "very threats and acts justifying submission because of fear or constituting the required force and resistance" and is insufficient under the rule announced in the Cascio case. Her testimony is "so inconsistent, contradictory, improbable, or incredible as to be self-destructive" under the rule stated in the Cascio case. The corroborative evidence of the witness Gerald Donoghue is not only of "doubtful character or wholly lacking in probative force or value," as stated in the Cascio case, but here the witness either fails to corroborate the prosecutrix or contradicts her on material evidentiary matters.

The evidence of the county attorney purporting to state admissions made by the defendant finally resolved

itself to be a recital of his own phraseology and interpretation of what the boys told him.

I do not find in the evidence the sustaining strength for the general conclusions which the court holds the jury could have resolved from it.

In view of the conclusions of the prosecutrix in her testimony and that of the county attorney as to screaming, resistance, fighting, etc., it is important to point out what the evidence does not show. There is no evidence of threats or fear. While the county attorney testified that defendant told him the prosecutrix was "screaming" yet the prosecutrix positively stated that at no time did she cry out. There is no evidence of a mark, scratch, bruise or abrasion on any part of the body of the prosecutrix. There is no evidence of an examination by a physician and accordingly no evidence as to what such an examination might have revealed. There is no evidence of bruises, scratches or marks on the bodies of the boys such as might appear if there had been hitting, scratching, kicking or biting.

I would hold the state's evidence insufficient to sustain a conviction, and dismiss.